**Howard Oren ADKINS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16972.**

United States Court of Appeals Eighth Circuit.

Feb. 2, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant, through appointed counsel, pleaded guilty to an information in two counts charging him with violations of 18 U.S.C. § 472, (1) in uttering a counterfeited Federal Reserve Note, and (2) in possessing and concealing five other counterfeited Federal Reserve Notes. He was convicted on his plea and was sentenced to imprisonment for five years on each count, with the sentences to run concurrently.

Thereafter he filed a motion under 28 U.S.C.A. § 2255, to have the sentences vacated on the grounds (1) that the court failed to determine that the plea was made voluntarily with understanding of the nature of the charge; (2) that there was no evidence before the court to show that the crimes had been committed; and (3) that he had been improperly held in the city jail at St. Louis, Missouri, for 65 hours prior to being taken before a United States Commissioner. The court denied the motion without a hearing.

The transcripts of the arraignment proceeding and of the sentencing proceeding are both contained in the files and records. They clearly demonstrate that the entry of a plea of guilty in appellant's behalf by his counsel was with voluntariness on the part of appellant and with understanding by him of the nature of the charge. Among other things, the transcripts show that appellant had had an almost continuous history of criminal charges, convictions and sentences against him since 1947. He was experienced in the entry of pleas of guilty. In this situation, the statement of his counsel that appellant had been advised of the nature of the charges against him and of his rights in relation thereto manifestly was not mere jargon to him. There was persuasive basis for the court to resolve at the time that the plea of guilty was made voluntarily with understanding of the nature of the charge.

As a matter of fact, appellant's contention here appears not so much to be that his plea had not been made voluntarily and with understanding of the nature of the charge, but rather that his conviction was legally invalid because the court failed to make a formal finding and recitation at the time that it was satisfied this was the fact.

The provision of Rule 11, Rules of Criminal Procedure, 18 U.S.C.A., that, on a plea of guilty being made, the court "shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge", imposes on the court the responsibility of making certain that

these conditions exist, but there is no requirement that the court must enter a formal finding or recitation to this effect.

■■■ As to appellant's second and third contentions, these are without substance for collateral attack upon his sentence. A plea of guilty is an admission of all the essential elements of an information or indictment so that no other proof on the part of the Government is necessary for a judgment of conviction. Harris v. United States, 8 Cir., 288 F.2d 790; Bartholomew v. United States, 8 Cir., 286 F.2d 779; Heideman v. United States, 8 Cir., 281 F.2d 805. Again, delay in taking a prisoner before a Commissioner is not a basis for collateral attack upon a judgment of conviction. Further, when a prisoner pleads guilty to an offense, he thereby waives the significance of any irregularities in his arrest and previous restraint.

To clear the records of the appeal pending from appellant's notice of appeal, the case will be permitted to be docketed without payment of fee, and it will thereupon be dismissed as frivolous.

Appeal dismissed.