Ronald Erwin SCHWENSOW, 7431-A, Petitioner,

v.

John C. BURKE, Respondent.

No. 65-C-263.

United States District Court
E. D. Wisconsin.

April 5, 1966.

Ronald Erwin Schwensow, petitioner, pro se.

Bronson C. LaFollette, Atty. Gen., and William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

REYNOLDS, District Judge.

Ronald Erwin Schwensow, an inmate of the Wisconsin State Prison at Waupun, Wisconsin, has filed a petition for writ of habeas corpus with this court alleging that he is unlawfully detained because (1) he was denied the right to have counsel present at his preliminary examination, (2) he was deprived of his right to a preliminary examination since the Court waived preliminary examination without his consent, (3) he gave a statement of confession after requesting and being denied counsel, which state-

ment was obtained after continuous questioning and which influenced his plea of guilty, and (4) his attorney "amounted to no representation." A response to the petition has been filed, and the petitioner has filed a reply.

A brief statement of the background facts is pertinent. On Friday, July 5, 1963, at 3:53 A.M., a West Milwaukee police officer received a radio dispatch to investigate a burglary at the Flintrop Arms Corporation in the Village of West Milwaukee, Milwaukee County. Upon arrival, he discovered that a large plate glass window on the south side of the building and a glass showcase inside the building had been broken, and that several guns had been removed from the showcase.

There were blood stains on the inside of the display case and on the window ledge. A trail of blood led from the apparent point of entry, the southwest corner of the building, across West National Avenue to the west side of South 41st Street. The blood trail ended on South 41st Street at a point where tire tracks showed that a vehicle had been parked. A lug wrench was found just west of the place where the vehicle was parked, and a 22 caliber automatic hand gun was found midway between the point of entry and the place where the vehicle was parked. This gun was later identified as coming from the Flintrop Arms Corporation.

At 3:55 A.M. the same morning, detectives investigated an accident that occurred at 1442 South 36th Street, Milwaukee. They found a 1955 Chevrolet two-door sedan with Indiana license plates, the right front end of which had been driven into a post supporting trolley wires. (It was later established that this automobile had been stolen from a visitor to Milwaukee.) In this car they found an Astro 22 caliber pistol. The detectives checked out this pistol and discovered that it came from the Flintrop

Arms Corporation which had been burglarized earlier that morning.

The detectives followed a trail of blood leading from the auto to a house at 1565 South 34th Street in the City of Milwaukee. They were permitted to search the home and found petitioner hiding under a bed. Petitioner was bleeding. On top of the bed under which petitioner was hiding, the detectives found four automatic pistols which later were identified as coming from the Flintrop Arms Corporation.

Petitioner was immediately arrested without a warrant and taken to a hospital where he was treated for cuts on his "hands and arm" which required some twenty-two stitches. He was then taken to the detective bureau and questioned at length. At 3:55 P.M. on July 5, 1963, petitioner signed a statement of confession. Petitioner asserts that during the entire period of his questioning, he was denied food, sleep, and an attorney and was suffering from pain and a hangover.

The record reveals that on August 28, 1963, in the Circuit Court of Milwaukee County, Wisconsin, the petitioner was convicted of and sentenced for operating a vehicle without the owner's consent and for burglary, and that he is now serving the sentence imposed on that day.[1] Petitioner did not appeal his conviction to the Wisconsin Supreme Court. He did, however, file a petition for writ of habeas corpus. His petition was denied by the Wisconsin Supreme Court. State ex rel. Schwensow v. Burke, an unpublished opinion of the Wisconsin Supreme Court filed September 14, 1965. He has thus exhausted his state court remedies.

█ Petitioner was found guilty after pleading guilty to the offenses charged. It is well settled that in pleading guilty to the charges for which he was sentenced, the petitioner waived objections to prior proceedings, including prior violations, if any, of his constitutional

---

1. Petitioner was sentenced to a term of five years for operating a motor vehicle without the owner's consent, and a term of ten years for burglary. The sentences were ordered to be served concurrently.

rights. United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964); United States v. French, 274 F.2d 297 (7th Cir. 1960). This is not true, of course, if petitioner's plea of guilty was not understandingly and voluntarily entered.

The petitioner's allegation that his court-appointed counsel "amounted to no representation" might be interpreted as a claim that he did not understandingly plead guilty. Petitioner alleges that his attorney failed to prosecute the case properly and erroneously advised him to plead guilty. The record (T. p. 6) [2] clearly indicates that petitioner sought the appointment of the particular attorney who represented him.

"THE COURT: Did you ask Mr. Philip Murphy to act as your lawyer in these cases?

"THE DEFENDANT: Yes.

"THE COURT: Have you paid him?

"THE DEFENDANT: No, sir.

"THE COURT: Do you want me to appoint him for you?

"THE DEFENDANT: Yes, sir."

It is thus clear that petitioner voluntarily chose and requested the Court to appoint the attorney he now alleges afforded him no representation.

Throughout the course of proceedings against him in the Circuit Court, petitioner was represented by his attorney and never once objected to the quality of said representation. In state court proceedings of this nature, an attorney representing an indigent will not be compensated unless he is formally appointed by the Court before whom he represents the defendant. After his plea of guilty, petitioner expressed the desire that the attorney whose representation he now questions receive such a formal appointment so that said attorney would receive compensation from the State for his services. At this time petitioner was certainly aware that this attorney had only met with him twice out of court and had advised him to plead guilty.

One could only conclude from the record that petitioner understood not only the charges brought against him (T. p. 5) but also the nature and effect of a guilty plea thereto (T. p. 4). The petition makes no factual allegation as to deficiency in legal representation which, liberally construed, would tend to support the conclusion that as a result thereof petitioner did not understand the nature and effect of his plea of guilty or did not make such plea voluntarily. The mere fact that counsel advises his client to plead guilty for tactical reasons does not mean that such plea, when made, is involuntary or without the knowledge and understanding of his client. Even if it is true that counsel was unprepared at other points in the proceedings, which we do not decide, such lack of preparation would have no bearing upon petitioner's plea of guilty when petitioner admits counsel discussed his plea with him, advising him to plead guilty, and the Court explains to him the nature and possible consequences of such a plea (T. pp. 4, 5). It thus appears that petitioner's plea of guilty was voluntarily made, with knowledge, understanding, and the assistance of counsel.

Petitioner alleges that his plea of guilty was influenced in part by an illegally obtained confession. A plea of guilty, voluntarily and understandingly made, waives objection to a previous illegally obtained confession even though petitioner alleges that the knowledge of such confession influenced his plea of guilty.[3] United States v. French, 274 F.2d 297 (7th Cir. 1960); Hall v. United States, 259 F.2d 430 (8th Cir. 1958). As the United States Supreme Court said in United States v. Bayer, 331 U.S. 532,

---

2. The transcript referred to in this opinion is the transcript of proceedings before the Hon. Herbert J. Steffes, Circuit Court Judge, Milwaukee County, on August 5, 1963.

3. The Court makes no decision as to whether or not petitioner's confession was in fact illegally obtained.

at page 540, 67 S.Ct. 1394, at page 1398, 91 L.Ed. 1654 (1947):

> "Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. * * *"

This does not, however, destroy the accused's ability to act voluntarily thereafter by pleading guilty to the charge. When he does so, as petitioner has here, the basis of his conviction is his plea of guilty and not the illegally obtained evidence, the confession. To hold otherwise would be to preclude an accused whose confession was obtained improperly from ever pleading guilty to the charges against him without, as it were, reserving the right to overturn his conviction at his whim even though the confession itself played no part in his conviction.

█ The record in this case leaves no doubt that petitioner's plea of guilty was understandingly and voluntarily made. He was fully informed of the charges against him and of the consequences of a plea of guilty (T. pp. 4, 5). He stated unequivocally that he understood the charges against him, the consequences of a guilty plea thereto, and that he desired to plead guilty (T. pp. 4, 5). The record also indicates that petitioner stated to the Court that his confession was freely and voluntarily given (T. p. 20).

█ Petitioner does not state in his petition or reply brief that he is innocent of the crimes charged. While the absence of such an allegation is immaterial to the issue of whether his constitutional rights have been violated, it lends support to the conclusion that his plea of guilty was voluntarily entered.

Because a plea of guilty, voluntarily and understandingly made, waives objections to prior proceedings in the same action, including prior violations of constitutional rights, if any;

It is ordered that the petition of Ronald Erwin Schwensow for a writ of habeas corpus be and it is hereby dismissed.