STATE OF NEBRASKA, APPELLEE, v. RICCARDO SILVACARVALHO, APPELLANT.

145 N. W. 2d 447

Filed October 12, 1966. No. 36245.

Paul E. Galter, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

McCOWN, J.

This is a proceeding under the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1965.

June 2, 1964, an information and complaint was filed in Lancaster County charging Riccardo Silvacarvalho with a robbery on May 30, 1964, and with being a habitual criminal. He was bound over to the district court after waiving his right to a preliminary hearing. Counsel was appointed, and the defendant pleaded not guilty. Jury trial was had, and the defendant was found guilty by the jury and convicted of robbery. He was subsequently adjudged to be a habitual criminal and sentenced to 10 years imprisonment.

Substantially all of the issues presented in this post

conviction proceeding were raised by the defendant by pretrial motions and motions for a new trial following conviction.

The district court in the current post conviction proceedings found from the defendant's motion and the records and files that there was no denial or infringement of the rights of the defendant as to render the judgment void or voidable, under the Constitution of the State of Nebraska or the Constitution of the United States, and that the defendant was entitled to no relief. This appeal followed.

The defendant alleges that he was questioned by the Omaha police in connection with robberies in the City of Omaha. He alleges that he requested the opportunity to consult with counsel and was refused; that he was never at any time advised of his right to remain silent, and that he answered all questions asked of him. His motion then states that members of the Lincoln city police department came to Omaha and returned him to Lincoln, and that the Lincoln police then carried on an intensive interrogation of the defendant without advising him of his constitutional right to remain silent, and without allowing him to contact or consult an attorney despite his requests that he be allowed to do so. This interrogation concerned the crime with which the defendant was charged. He does not assert that he answered any of the questions of the Lincoln police. There is no allegation or contention in the motion nor in the defendant's brief that he made any admissions, confessions, or statements which were used against him.

The contention of the defendant is that he was denied the assistance of counsel during police interrogation conducted without warning of his right to remain silent, and that the denial of counsel was prejudicial error sufficient to void the conviction. He relies on Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. It is the defendant's position that police interrogation within the area circumscribed by the Escobedo deci-

sion gives rise to a constitutional right to counsel at the time of interrogation, even though no confessions, admissions, or statements were made or, if made, were not used in evidence at the trial.

The defendant's theory is that any police interrogation after the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, constitutes a violation of his constitutional right to counsel sufficient to void an otherwise valid conviction. We cannot agree.

While the nature and extent of involvement of the constitutional right to counsel are not presently clear, the thrust of Escobedo and later cases, including Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, is directed at confessions, admissions, or statements obtained as a result of police interrogation aimed at securing a confession. Whether these redefined constitutional rights be grounded on the Fifth, Sixth, or Fourteenth Amendments to the Constitution of the United States, they relate to interrogation while in custody, and are enforced by rendering evidence obtained from the defendant in violation of the standards prescribed, inadmissible at the trial. They do not require the appointment of counsel as a prerequisite to police interrogation, nor make the denial of counsel at the time of interrogation prejudicial error sufficient to void any subsequent conviction.

The otherwise valid conviction of a defendant properly represented by counsel at a criminal trial is not rendered void or voidable solely because at a pretrial police interrogation, the defendant was denied counsel, and was not warned of his absolute right to remain silent.

Pretrial interrogation of a criminal suspect by police, without warning him of his constitutional right to remain silent, and without granting his request for counsel, does not constitute prejudicial error, in the absence of

proof that a confession, admission, or statement obtained from the defendant as a result of such interrogation was used in evidence at the trial.

The records and files in this case establish that the defendant is entitled to no relief. The sentencing court has discretion to adopt reasonable procedures for determining what the motion and the files and records show, and whether any substantial issues are raised before granting a full evidentiary hearing. State v. Woods, *ante* p. 282, 142 N. W. 2d 339.

Post conviction remedies are intended to provide relief in those cases where a miscarriage of justice may have occurred, and are not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence. State v. Clingerman, *ante* p. 344, 142 N. W. 2d 765.

The judgment of the district court was correct and is affirmed.

AFFIRMED.