STATE OF NEBRASKA, APPELLEE, v. HOWARD LEROY WILLIAMS, APPELLANT.

150 N. W. 2d 260

Filed May 5, 1967. No. 36430.

Robert W. Haney, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Defendant moved, under the Post Conviction Act, to vacate a 4 to 6 year sentence for attempted burglary. The district court, after a hearing, overruled the motion and the defendant has appealed. He has alleged errors in the trial and deprivation of the right of appeal.

A jury found defendant guilty of attempted burglary on April 9, 1965, and motion for new trial was overruled on April 21. Judgment and sentence were entered May 3, 1965.

Defendant took action in the criminal case prior to expiration of the time for appeal. The affidavit of his trial counsel discloses that the defendant made known his desire to appeal from the conviction, was advised that his trial counsel would file a motion for new trial on his behalf, but that he would have to make other arrangements for appeal. The district court in this post conviction proceeding specifically found "that the defendant did in fact, within the time required, demand of his trial counsel that an appeal be taken, and that the counsel refused to do so." On May 3, 1965, defendant filed a handwritten motion entitled: "Submission of motion to demur the sentence, and set aside the convic-

tion, consolidated with a notice of appeal." The first paragraph of this document constituted a sufficient notice of appeal.

The fact of defendant's indigency is not disputed and the appeal he was attempting to make was the only appeal which the state affords him as a matter of right. Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request. Carnley v. Cochran, 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70.

When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it cannot be inferred from defendant's failure to specifically request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel. Swenson v. Bosler, 386 U. S. ——, 87 S. Ct. 996, 18 L. Ed. 2d 33.

The defendant, on December 14, 1965, filed a "second" notice of appeal, with a request for appointment of counsel and an affidavit of poverty. These were out of time under the requirements of section 29-2306, R. R. S. 1943. On December 29, 1965, the court appointed counsel to represent the defendant "for the purpose of perfecting, or attempting to perfect, an appeal by defendant of the conviction against him." Thereafter counsel filed the motion for post conviction relief involved. The post conviction proceeding alone has been docketed here.

Under the circumstances, to apply the time limitations of the jurisdictional requirements for appeal would be an unconstitutional deprivation of the defendant's right of appeal. See, Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811; Swenson v. Bosler, *supra*. The jurisdictional statute "must be interpreted within the framework of the germane constitutional provisions, both state and federal." Ford v. State (Iowa), 138 N. W. 2d 116.

Were appellate jurisdiction denied, one of three results

would occur: A new sentence for the sole purpose of appeal, a new trial, or a discharge of defendant. The prospect clashes with the public interest in the efficient administration of criminal justice.

Where the defendant has invoked appellate jurisdiction in the original criminal case as well as in the post conviction proceeding, the post conviction remedy "is cumulative and is not intended to be concurrent with any other remedy * * *." § 29-3003, R. S. Supp., 1965. It cannot serve the purpose of an appeal to secure a review of the conviction. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765; State v. Silvacarvalho, 180 Neb. 755, 145 N. W. 2d 447.

The overruling of defendant's motion for relief under the post conviction remedy was correct because of the pending appeal in the criminal case, but the denial of post conviction relief is, of course, without prejudice.

The necessity for court-appointed trial counsel to advise the trial court of matters directly affecting the right of an indigent defendant to appellate counsel is apparent. We hold that when, after conviction, an indigent defendant has requested his court-appointed trial counsel or the public defender to appeal and, for any reason, such counsel does not wish to proceed with the appeal, he must immediately, in writing filed with the court, request the right to withdraw and advise the trial court of the indigent defendant's desire to appeal and to have counsel on appeal. This rule will be in effect on and after May 10, 1967.

The Clerk of this court is directed to designate this proceeding as a criminal appeal. The parties are granted 60 days in which to submit supplemental transcript, bill of exceptions, and briefs, if desired.

The post conviction judgment is affirmed.

AFFIRMED WITH DIRECTIONS.

WHITE, C. J., dissenting.

The statute, section 29-2306, R. R. S. 1943, sets out the requirements for jurisdiction of a criminal case in

this court. A notice of appeal and the filing of a docket fee or an affidavit of poverty in lieu thereof are required. These requirements were not complied with. Nobody suggests that this statute setting out the requirements of an appeal is unconstitutional or unreasonable in any respect. It is true that this defendant was an indigent but the statute on appeal does not require the payment of any money in order to docket an appeal. All he needed to do was file a poverty affidavit and a notice of appeal. The defendant was entitled to the same rights as any other citizen, neither more nor less. We see no reason why the defendant should not be required to comply with the statute the same as any other defendant desiring to take an appeal.

Under the majority holding, the defendant entirely disregarded the jurisdictional time limit for appeal, waited for an indefinite period of time, and then had an appeal granted based upon a claim that he desired to appeal with nothing in the record to substantiate such a claim. An indigent defendant has a right to counsel in the original trial, right to counsel on appeal, and a right to appeal without the payment of any fees or the costs or expenses of counsel. But it is not unreasonable to require a defendant to comply with the law applicable to every other citizen as to the procedural steps to be taken to perfect an appeal. Of course, the defendant had a constitutional and statutory right to counsel on appeal. The record shows that the court granted his request for counsel when he applied for it. He knew about his right to appeal and his right to a lawyer. He neither requested the court to appoint a lawyer at the proper time nor did he comply with the jurisdictional requirements on appeal.

Unless we are going to grant automatic appeals in all criminal cases there are certain minimal and simple statutory requirements that must be made by anyone desiring to take an appeal in a criminal case. These were

not met in this case and therefore the appeal should not have been granted.

CARTER, J., joins in this dissent.

SPENCER and SMITH, JJ., concurring.

We are in full agreement with the majority opinion herein, but believe that a statement therein should be reiterated to demonstrate the fallacy of the premise on which the dissent herein is based.

As stated in the majority opinion, the trial court specifically found "that the defendant did in fact, within the time required, demand of his trial counsel that an appeal be taken, and that counsel refused to do so." As the dissent concedes, the defendant had a right to an appeal. He also had a court-appointed counsel, and had a right to expect that counsel, upon request, to perfect his appeal. If counsel, for sufficient reason, does not wish to proceed further, he must do what is necessary to protect his client's rights and then request the appointing court for leave to withdraw from the case. Until such leave is granted, counsel is required to protect his client's rights. Swenson v. Bosler, 386 U. S. ——, 87 S. Ct. 996, 18 L. Ed. 2d 33, requires no less.