STATE OF NEBRASKA, APPELLEE, v. GERALD ALLEN DECKER, APPELLANT.

152 N. W. 2d 5

Filed June 23, 1967. No. 36424.

John P. Glynn, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, Mc-COWN, and NEWTON, JJ.

CARTER, J.

This is a proceeding under the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1965, by which the defendant, Gerald Allen Decker, asserts that his conviction and sentence to life imprisonment for second

degree murder were invalid and void on constitutional grounds. After an evidentiary hearing, the trial court found that the evidence was insufficient to sustain any relief and relief was denied. Defendant has appealed.

The record discloses that the defendant, on December 14, 1959, gained entry to the home of Edna Zajicek and, by an unprovoked assault with a knife, stabbed her to death. An application was made to the district court for the appointment of counsel prior to his preliminary hearing and Jack Devoe was appointed as his legal counsel. With his legal counsel present, the defendant pleaded guilty to the charge of second degree murder.

On June 17, 1965, the defendant filed a motion to vacate the conviction. On July 7, 1965, John P. Glynn, Jr., a member of the bar, was appointed by the district court to represent the defendant in this post conviction proceeding. On May 26 and May 31, 1966, an extensive evidentiary hearing was held in the district court. The contention of the defendant is that his plea of guilty was coerced and was not voluntary. In this respect the defendant contends that he was handcuffed by officers having him in custody at all times prior to his confession except when he was taken to court. He further contends that the deputy county attorney promised him that he would be out of confinement by the time he was 21 years of age if he pleaded guilty to the charge of second degree murder. He further contends that some police officer, whom he could not name, told him at the home of the murdered woman that if anyone was found dead in the home he would no doubt be electrocuted.

The deputy county attorney and the policemen having the defendant in charge positively deny that the alleged conversations took place. The evidence does show, by failure to deny, that the defendant was handcuffed as a security measure most of the time before he entered his plea of guilty. The evidence does not indicate that the handcuffing was a form of coercion that induced the plea of guilty. The evidence of threats and coercion

was in conflict and, in fact, preponderated in favor of the State. The finding of the trial court that promises, threats, or other coercive statements were not made is clearly sustained by the evidence.

The primary issue here is whether or not the plea of guilty was voluntarily entered. The defendant was a youth of 15½ years who had been a resident of Whitehall, a state children's home, since his second grade in school. Because of his age, the trial court took maximum precautions to determine that the plea of guilty was in fact a voluntary one.

The defendant was accompanied into court at the time of his arraignment by his legal counsel, Jack Devoe, a very capable lawyer. Defendant's counsel advised the court of all that he had done for the defendant. Defendant had been advised of the penalty for second degree murder and every other right, constitutional and otherwise, to which he was entitled. The court interrogated the defendant who stated that he had been advised as his attorney stated and that he understood its meaning. Defendant advised the court that he was entering his plea of his own free will, that no threats or promises had been made to him, and that by pleading guilty he was admitting that he killed Mrs. Zajicek on December 14, 1959. The plea of guilty was accepted and sentence continued until a presentence investigation could be had. The record shows that an exhaustive presentence investigation was made, the report of the probation office consisting of approximately 65 pages. On January 20, 1960, approximately 30 days after the plea of guilty was entered, the defendant was brought before the court for sentence. Defendant was accompanied by his counsel, Jack Devoe, who conceded that the presentence investigation report was accurate and complete. No contention is advanced that it was not true or that it was in any way unfair or biased. That the case was carefully investigated and every right of the defendant protected

cannot be validly questioned. The trial court so found and its finding is correct.

Some contention is here made that defendant's counsel was ineffective in that he did not perform his duty to his client. The record will not bear out this assertion. The crime was a brutal one in which the defendant stabbed Mrs. Zajicek eight or ten times with a knife in causing her death. The record shows that defendant's counsel contacted the defendant's relatives and those having his custody over the years to determine his mentality, his work in school, the possibility of mental disturbances, and his general behavior over the years. The record indicates that he examined into the law dealing with criminals of defendant's age and possible defenses that might exist. No complaint was voiced by Devoe as to the means of taking the confessions of the defendant which were never used against him. While Mr. Devoe is now deceased and is consequently unable to produce evidence of the services rendered by him, the record indicates that he performed his duties in a most commendable manner. There is evidence in the record of his long experience in criminal matters and his energy in protecting the best interests of his clients.

It is evident that the courts involved, the attorneys prosecuting that case, and defense counsel meticulously protected the rights of the defendant, undoubtedly in part, at least, because of his youth. Consequently, we find, as did the trial court, that the defendant's plea of guilty was freely and voluntarily made, that his rights were fully protected, that he understood the seriousness of his crime and the penalty therefor, and that he was represented by competent counsel who saw to it that the case was fairly and impartially handled. We can find no basis for post conviction relief and the judgment of the district court is affirmed.

AFFIRMED.