STATE OF NEBRASKA, APPELLEE, V. JESSE LEE LIVINGSTON, APPELLANT.

153 N. W. 2d 925

Filed November 10, 1967.   No. 36591.

Richard H. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is a proceeding under the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1965, by which the defendant, Jesse Lee Livingston, asserts that his conviction and sentence to 6 years' imprisonment for forcible rape were invalid and void on constitutional grounds. After an evidentiary hearing, the trial court found the evidence was insufficient to sustain any relief and relief was denied. Defendant has appealed.

The defendant was charged with forcibly raping one June I. Killian on March 28, 1965. Defendant entered his plea of guilty to the charge and, after a presentence investigation, the trial court imposed a sentence of imprisonment for a term of 6 years. On January 9, 1967, the defendant filed his amended motion to vacate the sentence and conviction on two primary grounds: First, that confessions were obtained from the defendant by a

member of the police department of the city of Lincoln without a showing that he fully understood the nature of his act; and, second, that a member of the police department was guilty of misconduct in failing to protect the constitutional rights of the defendant who was alleged to have a low mentality.

The evidence in the record shows that the defendant voluntarily called at the police station after he was informed by his brother that the police were looking for him. After so doing, he was interrogated by two police officers about a series of rape and molestation cases that had occurred in the community, including the rape case to which he subsequently entered a plea of guilty. The first officer who interrogated him and obtained his written confession testified that he informed the defendant that he had the right to an attorney, that he did not have to answer any questions unless he wished to do so, that anything he said could be used against him in court, and that any written statement he gave could be so used. The written statement given repeated these warnings. He was asked if he understood these warnings completely and he said he did. He was asked in the statements if he wished to give them after being so warned and he said he did. He read the statements, made one correction in his own handwriting, and signed the confessions. Before entering his plea of guilty, he was carefully interrogated in the presence of the trial court as to whether or not his rights had been adequately protected. On ascertaining that his rights had been properly safeguarded, he was asked if he desired to waive any and all rights remaining to him and he said he did, that he desired to plead guilty. Only after this meticulous investigation of the conduct of the case did the trial court accept his plea of guilty. It is made clear by the record that the defendant entered his guilty plea after having a full and complete explanation of his rights, constitutional and otherwise. It is the law of this state that a plea of guilty, if understandingly and

voluntarily entered, is conclusive. State v. Decker, 181 Neb. 859, 152 N. W. 2d 5.

The defendant complains of the manner in which written confessions were obtained from him. He claims that he was not advised that he was entitled to an attorney, that he was coerced by the mere fact of numerous interrogations, and that food was improperly kept from him. While these claims were not proven and the most that can be said is that the evidence thereon is in conflict, even if the complaints were established it can avail the defendant nothing. The confessions were not used as evidence against him. The defendant understandingly and voluntarily entered a plea of guilty. Under such circumstances, a plea of guilty eliminates all questions as to the admissibility of evidence. State v. Decker, *supra;* State v. Silvacarvalho, 180 Neb. 755, 145 N. W. 2d 447.

It is further contended that defendant was imposed upon because he appears to be of less than average intelligence. The evidence shows that he attended school only as far as the sixth or eighth grades. He was 22 years of age at the time of the post conviction hearing. He testified to his remorse for having committed the act. The record shows that he knew that he was violating the law when he committed the act from the very manner of its commission. He stated that he understood his rights and the procedure in which he was involved. The mere fact that the defendant had a less than average mentality does not have the effect of exculpating him from his criminal act. No contention is here advanced that defendant had such a low mentality that he did not know that he was committing a crime. The trial court withheld sentence until a presentence investigation was made. The trial court concluded that defendant was mentally competent, that he was capable of forming an unlawful intent, and that he committed the crime knowing full well of its unlawfulness. The trial court came to this conclusion after careful interrogation

of the defendant and investigation of his past. Where a defendant in a criminal case is shown to have less than average intelligence but is mentally competent under the law, his comparative intelligence is a matter that may be considered by the trial court in determining the sentence to be imposed. This court is not in position to question the judgment of the trial court in such a situation.

We conclude that defendant's plea of guilty was freely and voluntarily made, that his rights were fully protected, that he understood the seriousness of his crime and the penalty therefor, and that his case was fairly and impartially handled. We find no basis for post conviction relief and the judgment of the district court is affirmed.

AFFIRMED.

SMITH and McCOWN, JJ., dissenting.

Violations of right to counsel may have occurred at the hearings for arraignment and sentence. Defendant has defective intelligence, but the degree of impairment is not clear. We doubt that he waived his right intelligently. See, Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357; Moore v. Michigan, 355 U. S. 155, 78 S. Ct. 191, 2 L. Ed. 2d 167. The district court denied a post conviction motion for a psychological examination of defendant. The ruling was plain error for which the judgment should be reversed.