**Gerald Allen DECKER, Petitioner,**

**v.**

**Maurice H. SIGLER, Warden, Nebraska Penal Complex, Respondent.**

**Civ. No. 1316L.**

United States District Court, D. Nebraska.

April 23, 1969.

---

John P. Glynn, Jr., Lincoln, Neb., for petitioner.

Melvin Kammerlohr, Asst. Atty. Gen., State of Nebraska, Lincoln, Neb., for respondent.

## MEMORANDUM and ORDER

VAN PELT, District Judge.

The petitioner herein plead guilty to a charge of second degree murder on December 22, 1959, and was sentenced to a term of life imprisonment on January 20, 1960. He was fifteen years old at the time of his guilty plea. The petitioner sought relief under the Post Conviction Act, § 29–3001 et seq. Neb.Rev. Stat. (1967 Cum.Supp.) was denied relief by the trial court, and the decision was affirmed on appeal. State v. Decker, 181 Neb. 859, 152 N.W.2d 5 (1957). He has thus exhausted his state court remedies. Petitioner then filed a petition for writ of habeas corpus in this court. Counsel was appointed (the same counsel that handled the petitioner's case during his post conviction proceedings and appeal and the one requested by the petitioner) and a hearing was had. The evidence now before the court is the same as that before the state trial court on the post conviction proceeding, with the addition, of course, of the transcript of that proceeding. The matter now stands submitted.

The petitioner raises several issues which are identical in substance, if not in form, to the issues raised under his

post-conviction proceeding (Filing No. 9). They are:

1) Whether the petitioner's plea of guilty was involuntary;

2) Whether the petitioner was denied the right to counsel;

3) Whether the petitioner was denied the right to effective counsel;

4) Whether the petitioner's arrest was illegal and whether the oral admissions and confession obtained from him were the fruits of the illegal arrest;

5) Whether the confession of the petitioner was involuntary;

6) Whether the "totality of the circumstances" violated the petitioner's constitutional rights to such an extent that he should either be retried or released.

■ In this particular case, it is appropriate to start with a discussion of the decision of the United States Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The Court stated at page 318, 83 S.Ct. at page 760:

"[I]f he [federal district judge] concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing. But he need not."

On the same page the court continued to say that:

"Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law."

This court has carefully studied the evidence before it and is convinced that the petitioner herein was afforded a full and fair hearing by the state court and that reliable findings have been made. Essentially the trial court found that the petitioner had not satisfied his burden of proof; that his contentions were not supported by either the record or the evidence presented; and that the petitioner was not entitled to any relief.

Upon a reading of the record before us (no new evidence was taken) it is simply impossible to come to any other conclusion. Since, however, the trial court did not specifically set forth the facts found, a brief discussion of evidence as applied to the applicable federal law, required under *Townsend,* at page 318, 83 S.Ct. 745, is appropriate.

—1—

*The Guilty Plea.*

■ This court starts with a discussion of the voluntariness of the guilty plea for a fundamental reason. In Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), the Supreme Court stated:

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence."

In Adkins v. United States, 298 F.2d 842, 844 (8 Cir. 1962) the Court of Appeals for the Eighth Circuit set forth the following:

"[A] plea of guilty is an admission of all the essential elements of an information or indictment so that no other proof on the part of the Government is necessary for a judgment of conviction. * * * Further, when a prisoner pleads guilty to an offense, he thereby waives the significance of any irregularities in his arrest and previous restraint."

The petitioner contends that his plea was not voluntary in that he was subjected to deceit, broken promises, threats, and mental coercion. The deceit and the broken promise relate to the alleged conduct of the then Chief Deputy County Attorney for Lancaster County, Paul Douglas. The petitioner alleges that Douglas told him that if he cooperated he would be out of prison by the time that he was twenty-one. The petitioner contends that Douglas told him

this while they were walking up the stairs to the second floor of the police station (See Tr. of Post-Conviction Hearing, p. 31, hereinafter referred to as Tr.). This allegation was flatly denied by Mr. Douglas (Tr. p. 180) and everyone else who may have been in a position to know whether or not such a statement was made by Mr. Douglas (See e. g. Tr. p. 169). Mr. Douglas testified that he was not close enough to the petitioner to have spoken to him on the steps; that he was sure that there was an officer or two between him and the petitioner as they went up the stairs; and, if he did speak to the petitioner on the stairs, it was such an insignificant remark that he could not remember it (Tr. p. 193). He also testified that he was not in the habit of talking to prisoners out in the hall.

In addition to this, the petitioner admits that he was aware of the possible punishment involved in a conviction for second degree murder before he plead guilty to the charge. § 28–402, Neb. Rev.Stat. (Reissue 1964). The minimum sentence made it impossible for him to be out by the time he was twenty-one. The petitioner asserts that Douglas was aware of the same provision, and, since he knew that the petitioner could not be out by the time he reached the age of twenty-one, it was deceitful of him to make the petitioner such a promise. It seems entirely unlikely, assuming that Douglas did make the statement, that the petitioner would not push for an explanation of this obvious discrepancy. An individual who was being motivated by a promise to be out of the prison in five to six years, yet who could not be statutorily sentenced to under ten years, would certainly make inquiry of someone. There is no indication in the record of any such inquiry.

Finally, aside from the fact that the record of the post-conviction proceeding is void of anything that would indicate that the petitioner's guilty plea was not voluntary, other than the word of the petitioner, the record made before Judge White (now Chief Justice White of the Nebraska Supreme Court) sets out fully that the plea was voluntarily given (Tr. of proceedings before Judge White, pp. 6–7).

The petitioner also contends that he entered his guilty plea because he was threatened with the electric chair. This court is of the opinion that the contention is without foundation in fact and is without merit. The petitioner states that one of the police officers who returned with him to the scene of the crime told him, as they waited outside in the cruiser car, that if someone was dead inside the house, he would get the electric chair (Tr. p. 20). He also alleges that County Attorney Douglas threatened him with the electric chair (Tr. p. 31). Douglas allegedly threatened the petitioner with the electric chair at the same time that he tried to induce him with the promise that he would be out of prison by the time he was twenty-one. The officer involved, Bruce Nelson, flatly denied making the statement concerning the electric chair (Tr. p. 134) as did Mr. Douglas (Tr. p. 180). And again, the petitioner, at the proceeding before Judge White stated that he had not been threatened or coerced into giving the guilty plea. This court is aware of the fact that the petitioner repudiated his testimony before Judge White at his post-conviction proceeding (Tr. p. 159) but he was not without motive for doing so. In order for him to be successful it was vital that he attack the record of the proceedings before Judge White.

■ Finally, the petitioner contends that his guilty plea was the product of mental coercion. The basis of this allegation is that the petitioner was not informed of any of his constitutional rights as is now required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and that after his first appearance in the County Court of Lancaster County, Nebraska, on December 15, 1959, he was taken to the State Mental Hospital in Lincoln, Nebraska, and was there until December 22, 1959, awaiting his appearance before Judge

White in the District Court of Lancaster County. During this period of time he left the hospital only once (See Petitioner's Brief, p. 14). He was locked in a cell and placed in maximum security. He was bound with leather straps while locked in the cell and had only limited movement of his arms during this period of time. The only time that the leather handcuffs were taken off was when he showered. He had no reading material and the only furniture was a bed. It may well be that the handcuffing of the petitioner behind a locked door was the result of an overabundance of caution. It must be remembered, however, that the people involved in guarding the petitioner while he was confined at the State Hospital were not policemen. It may well be that it was for their safety that the petitioner was so confined, although it must be conceded that the handcuffing may not have been necessary. At any rate, this court does not think that this alone coerced the petitioner into pleading guilty.

It was not the purpose of the authorities in placing the petitioner in the State Hospital to coerce a guilty plea out of him. The intended result was in fact just the opposite. Everyone involved seemed to think that for a person of the petitioner's age, the state hospital would be the better place for him to be. The petitioner testified at the post-conviction proceeding that when it was suggested that he be detained at the hospital he agreed to it. The purpose was to provide the petitioner with better clothes, better food, and a better place in which to stay than could be provided in the County Jail (Tr. p. 46). The delay in bringing the petitioner before Judge White was due, at least in part, to the efforts of the authorities to obtain counsel for the petitioner. The petitioner does not argue that the facilities available to him were not better at the State Hospital than they were at the County Jail. He does not argue that the food, company and treatment were inferior to that available to him at the County Jail. He, in effect, simply argues that by being locked in the room with handcuffs on was sufficient to constitute mental coercion and invalidate his guilty plea. This court cannot agree. The petitioner cannot expect the court to attach any significance to the fact that he was at a mental hospital as opposed to being at the County Jail. He does not allege that he was intimidated by being placed in a mental hospital. He does not allege that his safety was, either in reality or in his imagination, in any way threatened by other occupants of the floor. As noted earlier, the stated purpose in placing the petitioner at the State Hospital was in order to benefit the petitioner. This court does not think that the evidence shows otherwise.

In sum, this court is of the opinion, and now finds, that the guilty plea of the petitioner was voluntarily made and was not the product of deceit, inducements, threats, or mental coercion. Reliance upon the *Miranda* decision is misplaced. It is not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

—2—

*The Confession.*

 The petitioner also contends that his confession was involuntary due to the deceit, promises, threats, and the mental coercion imposed on the petitioner. This court stated in Meter v. State, Civ.No. 1227L, decided March 28, 1969, that:

> "It would seem to follow * * * that if the confession had no impact or influence on the petitioner in making the guilty plea then whether or not the confession was impermissibly obtained would be irrelevant. See, Brown v. Cox, 347 F.2d 936 (10 Cir. 1965); Adkins v. United States, 298 F.2d 842 (8 Cir. 1962); United States v. Knies [Kniess], 264 F.2d 353 (7 Cir. 1959); Schwensow v. Burke, 252 F.Supp. 336 (E.D.Wis.1966.)"

Here the petitioner does not contend that his confession led to his guilty plea in any way other than his lawyer

recommended that he plead guilty. All of the other facets were discussed in regard to his guilty plea and they will not be repeated here (See Petitioner's Brief, p. 21). However, we do not think that the recommendation of an attorney constitutes deceit, a promise, a threat, or mental coercion. In sum, it is the finding of this court that the petitioner did voluntarily confess, and, at any rate, he does not allege that the confession led to his guilty plea. This court notes that the then County Attorney, Elmer Scheele, was in no way alleged to have promised or threatened the petitioner in any manner. Mr. Scheele came to the police station and wanted to ask the petitioner questions and take a statement or confession. The following transpired:

"Q. You are Gerald Decker?

A. Yes.

Q. Well, Gerald, you are in trouble. I guess you realize that. This lady has died. Did you know that? And you are in serious trouble. Now, what I'd like to do is ask you some questions, and if you are willing, I'd like to have you answer my questions about what happened tonight, and Miss Wheeler will take it down in shorthand just exactly the way it is said, and then later on this morning, after she has typed it up, we will go over it again, and I'll ask you to sign it. You don't have to do that if you don't want to, but I am asking you, are you willing to do that?

A. Yes."

This court is of the opinion that the state court finding satisfies federal standards. See, Brown v. United States, 356 F.2d 230 (10 Cir. 1966).

—3—

*The Arrest.*

 The petitioner contends that his arrest was illegal. He also takes the position that the admissions and confession which the petitioner subsequently made were the fruit of this illegal arrest. Aside from the fact that a voluntary guilty plea constitutes a waiver of prior procedural irregularities, this court also notes than an illegal arrest alone does not constitute grounds for the issuance of a writ of habeas corpus. United States ex rel. Orsini v. Reincke, 286 F.Supp. 974 (D.Conn.1968), affirmed 397 F.2d 977 (2 Cir.). In addition, the exclusionary rule was first applied to the states in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). It was held to be non-retroactive in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Consequently, even assuming the voluntary confession was the fruit of an illegal arrest, the exclusionary doctrine would not have been and is not now available in the petitioner's case. The writ cannot issue on either of these two asserted grounds.

—4—

*Right to Counsel.*

 The petitioner asserts that he was denied the right to counsel and that he was denied the right to the assistance of an effective counsel. In support of his contention that he was denied the right to counsel the petitioner bases his argument on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and quotes extensively from that opinion. Again, aside from the fact that a voluntary guilty plea constitutes a waiver of prior procedural irregularities, this court notes that *Escobedo* and Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) were decided approximately five and seven years after the petitioner herein was convicted upon his plea of guilty. In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) the United States Supreme Court held that the two decisions were prospective only in their application. Consequently, reliance on them is inapposite here.

 The petitioner also contends that he was denied the effective assist-

ance of counsel when his lawyer advised him and recommended to him that he plead guilty to the charge of second degree murder. His advice was based upon the fact that the petitioner had confessed. The petitioner takes the position that the confession would have been inadmissible because it was either coerced, or the product of an illegal arrest, or both. This court has found that the confession was voluntarily given, and, even assuming that the confession was the product of an illegal arrest, the exclusionary rule would have been inapplicable. This court does not think that the petitioner's counsel's recommendation that he plead guilty denied him of the effective assistance of counsel. Ample evidence is contained in the record to indicate that petitioner's attorney, now deceased, was an honorable, competent, and experienced attorney. He was experienced in the field of criminal law. In the opinion of this court, his judgment that the petitioner's confession was admissible and that a guilty plea was proper was not only not a denial of effective assistance of counsel, but also the correct advice to give. The federal courts have set forth varying standards. Some courts have held that habeas corpus relief will be granted on the grounds of ineffective or incompetent counsel only when the trial was a farce, a mockery of justice, or shocking to the conscience, or when representation was only perfunctory, in bad faith, a pretense, or without adequate opportunity for preparation. See *e. g.,* Quarles v. Dutton, 379 F.2d 934 (5 Cir. 1967). The standard for this circuit does not require as much. In Konvalin v. Sigler, 1341L, decided March 13, 1969, this court stated:

> "The Sixth Amendment does not require victory in order that the assistance of counsel be effective, but rather an accused be supplied with counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles is the constitutional requirement. Taylor v. United States, 282 F.2d 16 (8 Cir. 1960)." At pages 11 and 12

The petitioner was provided this in the present case. He was not denied the effective assistance of counsel.

—5—

The petitioner contends that based upon the "totality of the circumstances" as alleged in the issues previously discussed in this memorandum, the petitioner was denied his constitutional rights. This court finds that the petitioner was not, considering the "totality of the circumstances", denied his constitutional rights.

It is therefore the order of this Court that the petitioner's application for a writ of habeas corpus must be and the same hereby is denied and overruled.