Gerald Allen **DECKER**, Appellant,

v.

Maurice H. **SIGLER**, Warden, Appellee.

No. 19800.

United States Court of Appeals, Eighth Circuit.

June 24, 1970.

John P. Glynn, Jr., Lincoln, Neb., on brief for appellant.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee; Clarence A. H. Meyer, Atty. Gen., on the brief.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

This appeal is from the denial of a petition for writ of habeas corpus by the United States District Court for the District of Nebraska.

Decker, at the time of the commission of the crime, was fifteen years of age and upon his plea of guilty to a charge of murder was sentenced on January 20, 1960 to a term of life imprisonment. Thereafter Decker sought relief under the Nebraska Post-Conviction Act, and after an extensive evidentiary hearing was denied relief by the state district court. He perfected an appeal to the Nebraska Supreme Court which court affirmed the judgment of the trial court. State v. Decker, 181 Neb. 859, 152 N.W.2d 5 (Neb.1967). Decker then filed a petition for writ of habeas corpus in the federal district court and at his request the same counsel was appointed for him who had represented him at his post-conviction proceedings and upon his appeal in the State Supreme Court.

At the hearing in the federal district court the voluminous transcript of the state proceedings was introduced in evidence and Decker was afforded opportunity to offer additional evidence but did not choose to do so.

The primary issue is whether Decker's plea of guilty was voluntary.

As may be noted from the State Supreme Court proceedings, State v. Decker, *supra*, on December 14, 1959 Decker went into the home of Edna Zajicek and stabbed her to death. When he was apprehended in the early morning hours and taken to jail, it was discovered that he had over $100.00 on his person even though he was and had been a ward of the state and lived in the Nebraska State Children's Home in Lincoln, Nebraska since the age of six or seven. Decker admitted trying to steal a car and then going into the house and taking the money and striking someone with a knife. When the police officers took Decker back to the house he mentioned, they found the lady dead of knife wounds. The officers and Decker returned to police headquarters, the chief deputy county attorney accompanying them. Later in the morning the county attorney interrogated Decker and Decker made a complete statement indicating that it was voluntarily made and that he was not induced or coerced in any manner. An able and conscientious attorney was appointed for Decker and he and his attorney appeared in county court where he was bound over to the district court. Subsequently, on December 22, Decker appeared in court for arraignment with his counsel and entered a plea of guilty to a charge of second degree murder.

As will be noted from State v. Decker, *supra*, and the opinion of Judge Robert Van Pelt, 310 F.Supp. 588 (D.Neb. 1969), defendant, by reason of his age, was meticulously protected by appointment of competent counsel throughout.

The evidence strongly preponderates that Decker's plea of guilty was voluntary. We have reviewed the evidence with great care and affirm the judgment of the federal district court based on its opinion reported at 310 F.Supp.

588 (D.Neb.1969), and as buttressed by the subsequent trilogy of opinions handed down by the Supreme Court on May 4, 1970: McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. State of North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L. Ed.2d 785 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).