STATE OF NEBRASKA, APPELLEE, v. LYNN M. MOORE,
APPELLANT.

192 N. W. 2d 157

Filed December 3, 1971.   No. 37994.

Frank E. Piccolo, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court denied Lynn M. Moore relief in this post conviction proceeding. It decided that Moore had taken sufficient steps to lodge an appeal to this court in the criminal case. On appeal in this post conviction proceeding he assigns the decision for error.

On an affidavit of poverty Moore was represented by the public defender of Lincoln County in the district court, Judge Stuart presiding. Imposition of sentence and overruling of the motion for new trial occurred October 20, 1969. At the hearing Judge Stuart advised Moore that the latter without cost might lodge an appeal upon filing an affidavit of poverty. The judge also stated that in a noncapital case no provision existed for "an attorney to represent an indigent defendant upon a public appointment basis on an appeal . . . to the Supreme Court."

In November 1969, Moore in a letter to Judge Stuart set out his intent to appeal, his indigency, and a request for counsel. The letter was filed with the clerk of the

district court on November 19. The transcript contains a reply from Judge Stuart to Moore. The reply again advised Moore that he was not entitled to an attorney at public expense. It continued: "In my opinion the letter you wrote me is not an affidavit since it is not sworn to before a Notary Public, and you do not state therein that you are unable by reason of poverty to pay the costs. Therefore, it is my opinion that you have not perfected an appeal." See, §§ 25-1912 and 29-2306, R. R. S. 1943.

The State impliedly concedes, as it must, that Moore lodged an appeal to this court in the criminal case. See State v. Williams, 181 Neb. 692, 150 N. W. 2d 260 (1967). We decide that appeal this date. See State v. Moore, *ante* p. 498, 192 N. W. 2d 155. Moore's contention is without merit.

Where a defendant in a criminal case invokes our appellate jurisdiction, no post conviction remedy is then available to him. The post conviction remedy is cumulative, not concurrent. See State v. Williams, *supra*.

AFFIRMED.