STATE OF NEBRASKA, APPELLEE, V. GENE H. ROSE, APPELLANT.

195 N. W. 2d 215

Filed March 3, 1972. No. 38107.

Gene H. Rose, pro se.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant was found guilty by a jury of having on about May 10, 1970, knowingly and unlawfully sold or offered for sale cannabis, sometimes known as marijuana. He was sentenced to a term in the state penal complex.

Two issues are raised on the appeal: (1) The sufficiency of the evidence to sustain the conviction; and (2) ineffective assistance of counsel by reason of which he was denied a fair trial. At the trial the defendant was represented by counsel apparently of his own choosing. On this appeal the public defender's office was

first appointed to represent the defendant. That office was permitted by the court to withdraw after full compliance with Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493; and State v. Williams, 181 Neb. 692, 150 N. W. 2d 260. The basis of the withdrawal and the order of the court permitting the same was that the appeal was frivolous.

We have carefully examined the record. As to the first assignment there is no merit. The State's evidence established a prima facie case of the sale by the defendant to an undercover agent. The defendant took the stand in his own behalf and denied the transaction. The only question was one of credibility and this the jury has resolved.

As to the second assignment the defendant's position seems to be that his counsel failed to call a witness, Ada, defendant's sister-in-law, to testify that she was not the "Ada" present at the transaction in question as claimed to have been testified to by the undercover officer. There is nothing in the record to establish what this witness' testimony would have been. If her evidence would have been helpful surely the defendant himself could have arranged for her appearance as a witness in his behalf. We cannot assume that counsel would fail in a matter so obvious. The record of the trial reveals no ineffectiveness or incompetency of counsel.

AFFIRMED.