STATE OF NEBRASKA, APPELLEE, v. GEORGE TRIPPLE, APPELLANT.

211 N. W. 2d 920

Filed November 9, 1973. No. 38986.

Paul G. Matt, III, John F. Wright, and James R. Ryan, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The appellant was charged under the provisions of

section 39-727, R. S. Supp., 1972, with driving a motor vehicle while under the influence of intoxicating liquor and while having ten-hundredths of one percent by weight of alcohol in his body fluid. The charge was made in two separate counts and was in that form submitted to the jury. He was found guilty on both counts. A fine of $100 was imposed and his operator's license was revoked for 6 months. He appeals. We affirm.

The errors assigned are: (1) Insufficiency of the evidence to sustain the conviction beyond a reasonable doubt, and (2) instruction No. 5 given by the court was erroneous and prejudicial.

We have carefully examined the evidence. It includes a body fluid analysis which showed thirty-five-hundredths of one percent by weight of alcohol. The evidence is legally sufficient if believed by the jury to sustain the conviction. In determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of the court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Rose, 188 Neb. 84, 195 N. W. 2d 215.

Instruction No. 5 set forth clearly and correctly the elements of driving while under the influence of alcoholic liquor. Instruction No. 6 set forth clearly and correctly the alternative of driving while having ten-hundredths of one percent by weight of alcohol in the body fluid.

The appellant's attack upon instruction No. 5 may be summarized by these words from the brief: "Without instruction from the Court, it is unreasonable to feel that the average juror would be able to distinguish the difference between driving while under the influence of alcoholic liquor and driving with more than ten-hundredths of one per cent or more by weight of alcohol in a person's body as shown by chemical analysis of his blood, breath, or urine," and ". . . the trial court made no attempt in instruction number five to inform the

jury that the blood test only constituted a rebuttal presumption and should be merely viewed as part of the overall evidence."

The appellant requested no clarifying or amplifying instruction and he suggests none here. The trial court in instruction No. 11, properly defined in the language which follows what is meant by the term "under the influence of intoxicating liquor": "A person is under the influence of alcoholic liquor when the influence exists to the extent that a person has lost to an appreciable degree the normal control of his body or mental faculties to the extent that there is an impairment of the capacity to think and act correctly and efficiently."

The court did not instruct that the results of the body fluid test carried with it any presumption. This for the obvious reason that the statute creating such presumptions has been repealed. The appellant's argument concerning rebuttable presumptions is therefore off the mark. It was for the jurors to draw from the test results and the other evidence of intoxication such inferences as they in their collective judgment deemed proper. There were no errors in the instructions. Where the general charge fairly presents the case to the jury, a party who desires an instruction on some particular question should request it, and cannot base error on the omission otherwise. Goldsberry v. State, 92 Neb. 211, 137 N. W. 1116. The above principle clearly governs here. This is not to suggest, however, that even if a special instruction had been requested that it should have been given. We are unable to perceive what this special instruction should have been.

AFFIRMED.