Russell L. HAYES, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 142.

United States Court of Appeals Fifth Circuit.

Aug. 25, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 87.

Russell L. Hayes, in pro. per.

William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

This is a proceeding in forma pauperis. On March 8, 1958, the petitioner was adjudged guilty of the offenses of unlawfully preparing and submitting false income tax returns, in violation of Title 26 U.S.C. Section 7206(1), and making fraudulent claims against the United States, in violation of Title 18, Section 287, United States Code, and was sentenced to a total of six years' imprisonment. The petitioner was refused relief under Section 2255, 28 United States Code, on May 7, 1958, by the district court which sentenced him, and, without applying to the district court, he addressed to this Court a petition for leave to proceed on appeal in forma pauperis. On May 28, 1958, we denied the application because of failure to first apply to the district court. See Russell L. Hayes v. United States, 5th Cir., No. 136, decided May 28, 1958. Subsequently, petitioner made his application to the district court and it was denied on two grounds: first, that the Section 1915 requirement that the applicant must make an affidavit stating that he is unable to pay cost or give security was not met since the instrument in question did not contain a proper certification of an officer authorized to administer oaths; second, that the appeal was without merit and was not taken in good faith. Without deciding the first ground, we must dismiss the appeal on the second.

The petitioner claims *inter alia* that government agents entrapped him by planting government checks in his mail box and listing "them on a search warrant as stolen in order to gain entry into his home"; that the petitioner was "illegally confined" in his home; that there was no probable cause to arrest; that petitioner was held "a prisoner in his home under secret interrogation"; that the court-appointed attorney played the role of amicus curiae rather than an advocate; that the "custodial restraint of prison life" is in the nature of "forced conformity incidental to communistic indoctrination" which is deliberately, maliciously and fallaciously designed "to deprive petitioner of the right to pursue a successful appeal * * * rather than to create an atmosphere which would give petitioner an opportunity to effectively petition for redress of his grievance"; that "petitioner has been deprived of his liberty for fifteen (15) months by virture (sic) of a 'government conspiracy' which has taken its toll, both, physically and mentally, upon petitioner, and will cause further damage that will affect the heart and mind of petitioner to the extent that his life will be destroyed unless the relief prayed for herein is granted by the Court"; that his sentence and conviction "was conceived by virture (sic) of a Government instigated fraud and conspiracy designed to discredit him in the eyes of thousands of Negro Citizens who subscribed to the principles of economic and political doctrines which he advocated, and issued as the results of a secret trial and conviction, which was illegal and in violation of the Constitution and Laws of the United States"; that "he has been hurriedly cast into prison where his sufferings are unknown and characterized as illusive and typical of those adjudged guilty."

The "good faith" requirement of Section 1915 "is established by the

presentation of any issue that is not plainly frivolous." Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060. Upon examination of the original record, forwarded at our request by the district court, in the light of petitioner's claims, we find that the issues presented by petitioner have no merit and are "plainly frivolous."

The appeal is therefore

Dismissed.