**Russell L. HAYES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20573.**

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1963.

Russell L. Hayes, Seagoville, Tex., for appellant.

Carl Walker, Jr., Asst. U. S. Atty., Woodrow Seals, U. S. Atty., James R. Gough, Asst. U. S. Atty., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

JOHN R. BROWN, Circuit Judge.

On March 8, 1958, Appellant was found guilty of unlawfully preparing and submitting false income tax returns in violation of 26 U.S.C.A. § 7206(1) and making fraudulent claims against the United States in violation of 18 U.S.C.A. § 287 and was sentenced to a total of six years' imprisonment. On May 7, 1958, Appellant's motion to vacate sentence under 28 U.S.C.A. § 2255 was denied, and, without applying to the District Court, he addressed to this Court a petition for leave to proceed on appeal in forma pauperis. We denied this petition because of failure first to apply to the District Court. Hayes v. United States, 5 Cir., No. 136, decided May 28, 1958. The District Court then denied Appellant's application for leave to appeal in forma pauperis on the ground that the appeal was without merit and was not taken in good faith. Appellant's appeal from this action was subsequently dismissed by this Court on a finding that the issues presented had no merit, and the appeal was plainly frivolous. Hayes v. United States, 5 Cir., 1958, 258 F.2d 400, cert. denied, 358 U.S. 856, 79 S.Ct. 87, 3 L.Ed. 2d 89. Subsequently about February 14, 1963, Appellant filed a second motion under 28 U.S.C.A. § 2255, which the District Court dismissed on April 10, 1963. This is an appeal in forma pauperis from that dismissal, pursuant to leave granted by the District Court on April 25, 1963.

■ Since the ground urged for vacation of sentence in the instant application—alleged action of the District Judge in forcing court-appointed counsel on Appellant when he had counsel of his own choosing resulting in a denial of due process—was urged in the May 1958 application, the central question here presented is the degree of weight which must be accorded the denial of the prior application. Since this Court had affirmed his prior action in refusing to allow appeal in forma pauperis on the ground that the appeal was without merit, the District Judge quite naturally assumed that the prior denial was controlling:

"Section 2255 provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. IT IS THEREFORE ORDERED that the motion be and it is hereby dismissed."

■ But neither the District Judge, nor earlier this Court, could reckon with what was shortly to occur. For 19 days later the Supreme Court in a far-reaching "guideline" decision articulated basic rules governing the Federal District Courts in disposing of successive motions under 28 U.S.C.A. § 2255. Sanders v. United States, 1963, 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148, decided April 29, 1963. Holding, as we had many times done, that *res judicata* has no application in proceedings under § 2255, the Sanders decision declares broadly that an adverse determination on a prior application of a ground urged in a subsequent application is not controlling unless the prior determination was on the merits and unless the ends of justice would not be served by reaching the merits of the present application. The Court further held in Sanders that if factual issues were raised on the prior application, the prior denial is an adjudication on the merits only if (1) the prior application was denied on the basis that the files and records conclusively resolved the issues or (2) an evidentiary hearing was held. 373 U.S. at 17, 83 S.Ct. at 1078, 10 L.Ed.2d at 162.

■ While we ought not now to express any final conclusions as to these, we think the Appellant's charge that the District Judge for some reason forced court-appointed counsel on him when he had already retained counsel presented two serious things. First, it raised a factual issue of the kind that cannot here be conclusively resolved from the files and records of this case. (Nor was it earlier resolved on such files, records, etc.) And second, if the facts are established to be what Appellant alleges they are, this raises a substantial question whether this amounted to a denial of due process and

fundamental constitutional rights. Since *res judicata*, as such, has no application in § 2255 proceedings, our dismissal of Appellant's previous appeal, other than having the effect of leading the District Judge into denying this application, is likewise now of no legal consequence. No hearing has ever been held to resolve this factual issue having such potential importance. We therefore reverse and remand for reconsideration in light of Sanders v. United States, supra.

Reversed and remanded.