UNITED STATES of America,
Plaintiff,

v.

Russell L. HAYES, Defendant.

Crim. No. 12987.

United States District Court
S. D. Texas,
Houston Division.

Nov. 8, 1965.

---

Woodrow Seals, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Russell L. Hayes, pro se.

Memorandum and Order.

HANNAY, District Judge.

This is a Petition under Section 2255, Title 28 U.S.C.A., to set aside a federal conviction on the alleged grounds that Petitioner was not represented by counsel whom he hired, that he did not waive representation by his allegedly hired counsel, and that he did not accept the counsel whom the trial court appointed to represent him.

The arraignment and trial of Petitioner were before Honorable Joe Ingraham, United States District Judge for the Southern District of Texas. With the filing of Petitioner's affidavit of prejudice, the cause was transferred to the docket of this Court.

Petitioner has now served a six year sentence for his conviction in March of 1957 for unlawfully preparing and submitting false income tax returns, in violation of Title 26 U.S.C.A. Section 7206 (1), and for making fraudulent claims against the United States, in violation of Title 18 U.S.C.A. Section 287.

A plenary evidentiary hearing was conducted by this Court on January 25, 1965. Hayes v. United States, 5 Cir., 323 F.2d 954 and 325 F.2d 1022. In addition, the record of the case is before the Court, including the trial statement of facts and the proceedings of January 18, 1957, at which his defense counsel was appointed by the trial court. Determination of the Petition was stayed pending filing of the transcript of the hearing and the presentation of final argument, which was heard on October 28, 1965.

Both the attorney whom Petitioner claims to have hired for subject federal prosecution and the attorney whom the trial court appointed to defend him deny categorically his allegations. The record of the trial court proceedings is silent as to any non-acceptance by him of the trial court's appointment of defense counsel. It is silent that his situation at the time was other than one of need for court-appointed counsel or that his disposition was other than one of desire for court-appointed counsel.

### I.

Attorney Carl Augustus Williams, Jr. of Houston, whom Petitioner claims to have hired to represent him at the federal hearing, testified at the evidentiary hearing (Transcript, hereafter Tr., pages 17 to 25) that he had been engaged to represent Petitioner on a motion for commitment for mental evaluation but not in subject federal prosecution. He flatly denied that he had been retained for the federal prosecution proper (Tr., p. 21), although it does appear that the reason was non-agreement over the fee. (Tr., p. 21). In response to the question whether he received notice of the arraignment from the Court Clerk, Williams answered:

" * * * I didn't receive anything in connection with the case." (Tr., p. 21).

He further denied that he appeared with Petitioner at the arraignment. (Tr., p. 22).

The docket sheet states that on January 18, 1957:

"Deft. appears-served-requests counsel. Clyde Gordon, Jr. appointed. Deft. appears with court-appointed counsel.

Reading of Indictment waived * * "

The docket sheet further shows that Williams had been listed as an attorney but his name was scratched out and that of Clyde Gordon, Jr. typed in as court-appointed counsel. On December 26, 1956, three weeks prior to the arraignment, the Court set aside its order of December 21, 1956, granting the government's motion for commitment of the Petitioner.

### II.

As reflected by the docket sheet, the trial proper began on February 21, 1957, a month and three days after the trial court appointed Clyde Gordon to represent Petitioner. Gordon testified that in the meanwhile, Petitioner came by his office "on one or more occasions" to discuss the case. (Tr., p. 27). Gordon asserted that Petitioner did not object to being represented by Gordon (Tr., p. 27) and continued to assist Gordon in handling his defense. (Tr., p. 27). Further, that neither during nor before the trial did Petitioner complain or object about the manner in which he was being represented or of the fact thereof. (Tr., p. 28). A complaint of this nature was not received until more than a year after the trial. Gordon was emphatic in his testimony that if there had been any question about another lawyer in the case he, Gordon, would have brought the matter to the attention of the Court.

### III.

The versions given by Williams and Gordon find support in the transcript of the arraignment proceedings of January 18, 1957:

"THE COURT: Do you have an attorney?

"THE ACCUSED: No, sir.

"THE COURT: My information is you were represented by an attorney named Carl A. Williams.

"THE ACCUSED: Well, I hadn't had no money to pay him. (Tr., p. 3).

* * * * * *

"THE COURT: * * * *It appears you appeared before the Court without an attorney. Do you desire the services of an attorney?*

"THE ACCUSED: *Yes, sir.*

"THE COURT: *And is your failure to have an attorney because you cannot afford to employ one?*

"THE ACCUSED: *That is right.* (Emphasis added throughout.)

"THE COURT: Very well. The Court will appoint an attorney to represent you." (Tr., p. 4).

Later, after the appointment of counsel, the Petitioner was arraigned and entered a plea of not guilty to all counts. (Tr., p. 6).

At no time during the arraignment did Petitioner indicate to the Court his non-acceptance of the court-appointed counsel, nor did he raise any objection or indicate any non-acceptance during the course of the trial. (S/F, pages 2–394).

Petitioner, in response to the Court's inquiry on final hearing, offered no complaint as to the competency of the representation which he received from Gordon and none could be made. It comes with poor grace to complain now of his court-appointed counsel who was appointed at Petitioner's request and who served him well.

### IV.

Petitioner's contentions are without support in law or in fact. The clear preponderance of the evidence is that Williams had never accepted employment for subject prosecution. Apart from many explicit instances in the record, this is the essence, import and necessary implication of Petitioner's own statement to the trial judge at the arraignment that he did not have an attorney because he could not afford to employ one but still desired the services of one. (Tr., pages 3–4).

█ A federal trial judge has inherent authority to meet a situation of this kind in a manner that is reasonable and fair to the accused. United States v. Bentvena, 2 Cir., 319 F.2d 916, 936, cert. den. (Ormento v. U. S., DiPietro v. U. S., Fernandez v. U. S., Panico v. U. S., Galante v. U. S., Loicano v. U. S., Mancino v. U. S., Sciremammano v. U. S.,

Mirra v. U. S.) 375 U.S. 940, 84 S.Ct. 345, 346, 353, 354, 355, 360, 11 L.Ed.2d 271, 272, rehearing denied 377 U.S. 913, 84 S.Ct. 1162, 12 L.Ed.2d 183; United States v. Dardi, 2 Cir., 330 F.2d 316, 335; Smith v. United States, 53 App. D.C. 53, 288 F. 259, 261.

"While the right to counsel is absolute, its exercise must be subject to the necessities of sound judicial administration." United States v. Dardi, supra, 330 F.2d at 335.

" * * * The right to select (one's) own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." Smith v. United States, supra, 288 F. at 261.

### V.

The central and pivotal fact that is shown by the record and testimony in this case is that Williams was not and had never been hired to represent Petitioner in subject prosecution. As this is the fact established by the record, it was surely the reasonable appearance on which the trial judge had a right to rely and act. Petitioner's assertion and reliance on the principle of non-waiver of counsel of his choice, citing Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, is therefore inapposite.

More than a month passed between the Court's appointment of defense counsel and the conduct of the trial. Ample time was therefore granted to prepare a defense. Likewise, there was ample time and opportunity to notify Gordon and/or the Court of Petitioner's non-acceptance of Gordon because of Williams. this was not done.

### VI.

Petitioner further claims that court-appointed counsel failed to raise an is-

sue as to the legality of arrest and search warrants in this case, further alleges that his allegedly hired attorney would have done this, and relies on Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, which was decided more than a year after his trial and conviction here, for the proposition that this is added basis for holding that his constitutional rights have been violated.

It is, of course, conjectural what another attorney would have done on this issue during the trial at the time it was conducted. I am disinclined to conclude that the exclusionary evidentiary rule as evolved in and expounded by Giordenello warrants point-blank retroactive application as a matter of law. See and compare Linkletter v. Walker, 381 U.S. 618, 622, footnote 5, 85 S.Ct. 1731, 14 L.Ed.2d 601. This issue of law, however, is not fairly reached here in light of the pleadings and the paucity of proof made by Petitioner.

### VII.

██ Additionally, and conclusively, relief must be denied on grounds of mootness. A parolee may now attack his conviction on the principle that he is still subject to a form of "custody." Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. But the courts appear to refrain from extending this principle to situations where the prisoner has been unconditionally released from confinement or where the party against whom the writ is directed exercises no further restraint over the prisoner. United States ex rel. Morton v. McDonald, 2 Cir., 321 F.2d 540; Miller v. United States, 10 Cir., 324 F.2d 730; Burnett v. Gladden, D.C., 228 F.Supp. 527; Bowen v. Harris, D.C., 224 F.Supp. 976; United States v. Dumeur, D.C., 214 F.Supp. 293.

This is the explicit ruling in Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, see also Zimmerman v. Walker, 319 U.S. 744, 63 S.Ct. 1027, 87 L.Ed. 1700, and it must be deemed undisturbed by, as it is distinguishable

from, Jones v. Cunningham, supra, 371 U.S. at 241, 83 S.Ct. 373.

It follows from the foregoing that the Petition for relief under Section 2255 of Title 28 U.S.C.A. should be, and it is hereby, denied.