**Russell L. HAYES**

v.

**UNITED STATES of America.**

**C. A. No. 68–H–563 Relative to Crim. No. 12987.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 8, 1968.

Russell L. Hayes, pro se.

Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER:

HANNAY, District Judge.

On November 8, 1965, this Court, in its written opinion in the Title 28, U.S.C.A. Section 2255 case of United States of America v. Hayes, 293 F.Supp. 625, denied relief to petitioner. Instant Section 2255 case arises out of the same prosecution and involves the same parties and essentially the same issues as the preceding Section 2255 proceeding before this Court. No appeal whatsoever appears to have been taken from that decision. The decision was based upon the entire record and upon an extensive post-conviction evidentiary hearing conducted by this Court on the issues urged by Petitioner.

### I.

To be sure, the original criminal prosecution in question was not conducted in this Court. The aforementioned Section 2255 proceeding was conducted by this Court as a consequence of an affidavit of prejudice filed by the Petitioner against the Judge before whom the prosecution was conducted and a resulting request by the Chief Judge of the United States District Court for the Southern District of Texas that the Section 2255 proceeding be conducted by this Court.

The Section 2255 evidentiary hearing was commanded by the United States Court of Appeals for the Fifth Circuit in Hayes v. United States, 5 Cir., 323 F.2d 954 (November 1, 1963) on the grounds that the subsequent United States Supreme Court decision in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, required a post-conviction evidentiary hearing on the alleged substantive issue. Again, to be sure, the subsequent Sanders decision had the judicially unforeseen effect of obsoleting a prior Section 2255 ruling of the Court of Appeals, Hayes v. United States, 5 Cir., 258 F.2d 400, as well as that of the able District Judge. 323 F. 2d at 955. The substantive issue thereupon required to be determined was whether, as Petitioner charged, " * * * the District Judge * * * forced court-appointed counsel on him when he had already retained counsel * * *." 323 F.2d at 955. The testimony developed at the evidentiary hearing utterly failed to support, and in fact clearly refuted, the substantive charge made by the Petitioner. The details which support this ruling find ample explication in the previous opinion by this Court. The full judicial consideration heretofore accorded this substantive issue by this Court obviates the necessity for a redetermination of it. Title 28, U.S.C.A. Section 2255.

### II.

In the previous ruling and opinion by this Court the issue of mootness was considered. The Petitioner was free from custody at the time. More particularly, however, this Court's consideration of the mootness issue was carefully and dutifully responsive to the Court of Appeals' suggestion that it be so considered. This suggestion was made in the last appearance of the case before the Court of Appeals prior to this Court's consideration of the case. Hayes v. United States, 5 Cir., 325 F.2d 1022 (January 9, 1964). More precisely, the suggestion was that a dismissal of the cause for mootness, if factually and legally supported, might make it unnecessary to determine the substantive issue raised in the proceeding under Title 28, U.S.C.A. Section 2255.

It is important to note that this Court took care to accord full judicial consideration to this case in accordance with

the initial remand, 323 F.2d 954, and the requirements of *Sanders*. The finding of mootness, based upon what was deemed to be the rule of decision at that time, see: Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963; see also and compare: Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, was therefore at most merely an alternative ground for this Court's decision. The mootness finding was not invoked to avoid, and in no wise affected, this Court's thorough determination of the substantive questions. It is true that this Court's prior opinion and the alternate finding of mootness occurred prior to the rendition of the United States Supreme Court cases of Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968) and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). It may be said that the impact of these two decisions might well prompt a different conclusion on the mootness issue. Nonetheless, this question is academical and immaterial to a resolution of this case. *Sibron* and *Carafas* do not enlarge the post-conviction remedy for substantive questions already granted Petitioner by this Court under Section 2255 and the *Sanders'* mandate.

### III.

Petitioner has filed an affidavit of personal prejudice against the District Judge before whom the prosecution was conducted and against this Court for the purposes of this Section 2255 proceeding. The Respondent moves to strike the affidavit on the grounds that it is in effect two affidavits and thus in violation of Title 28, U.S.C.A. Section 144. The Respondent's Motion to strike is granted. The affidavit is furthermore insufficient and without merit in fact or law. A question exists as to whether it is properly verified by a responsible counsel of record as contemplated and required by 28 U.S.C.A. § 144. Petitioner makes this purported verification as his own counsel *pro se*. Effect was given to an initial affidavit by him. The responsibilities of a Court

under Section 2255 do not contemplate a continuous circumvention of its rulings by a Petitioner's unfounded and unjustified recourse to affidavits of prejudice.

The pleadings and the entire record in this case conclusively show that Petitioner is not entitled to relief.

Accordingly, the Petition to vacate sentence is denied. This is and constitutes a final judgment.