**Russell L. HAYES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 27540

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1969.

Russell L. Hayes, pro se.

Anthony J. P. Farris, U. S. Atty., Carl Walker, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the cause on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of this Court and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part. I.

Russell L. Hayes appeals from a denial of a petition in the nature of coram nobis seeking to set aside convictions for unlawfully preparing and submitting false income tax returns in violation of 26 U.S.C. § 7206(1), and making fraudulent claims against the United States in violation of 18 U.S.C. § 287. We affirm the judgment of the district court.

The district court denied relief on the basis of the files and records of the case. Included in this record is the entire trial record and transcript of an evidentiary hearing which had been held on appellant's earlier motion to vacate (28 U.S.C. § 2255), in accordance with our decision in Hayes v. United States, 5 Cir. 1963, 323 F.2d 954, 325 F.2d 1022.

In denying the relief prayed for in the earlier motion to vacate, the district court held on November 8, 1965, that there was no merit to Hayes's contention

that the court had forced court-appointed counsel on him when he had already retained another attorney. Hayes v. United States, S.D.Tex.1965, 293 F. Supp. 625. As the court then pointed out in its comprehensive memorandum opinion, this allegation was unequivocally refuted by both counsel involved. Hayes asserted the Fifth Amendment privilege and refused to testify at the hearing. He did not appeal the judgment.

Upon denying Hayes's most recent petition, the court below held that "The full judicial consideration heretofore accorded this substantive issue by this Court obviates the necessity for a redetermination of it". Hayes v. United States, S.D.Tex.1968, 293 F.Supp. 628, 629. We have carefully examined the record and in the light of Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, we agree with the district court.

The judgment of the district court is affirmed.