Charles Quenn **BLACKWELL**, Jr.,
Petitioner-Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 29376
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 1970.

Charles Q. Blackwell, Jr., pro se.

U. S. Atty., Walker P. Johnson, Jr., Macon, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Charles Quenn Blackwell, Jr. appeals pro se from the denial of his motion to vacate sentence under 28 U.S.C. § 2255. The District Court denied Blackwell's motion without a hearing. We conclude that a hearing was not necessary to the disposition of Blackwell's claims and affirm the judgment of the District Court.[1]

In 1967, Blackwell was convicted in two separate cases (Nos. 3060 and 3061) in the District Court for the Middle District of Georgia. In No. 3060, he was convicted on five counts of an indictment. Count one charged him with conspiring to commit mail fraud in violation of 18 U.S.C. § 1341 and to travel in interstate commerce to carry on the unlawful activity of arson in violation of 18 U.S.C. § 1952. The other four counts charged violations of sections 1341 and 1952. Blackwell was sentenced to a five-year term of imprisonment on each count, the sentences to run concurrently. In No. 3061, Blackwell was convicted of violating section 1341. On this conviction he was sentenced to a two-and-one-half-year term of imprisonment, this sentence to run concurrently with the sentences imposed in No. 3060. Both convictions were affirmed on Blackwell's direct appeal to this Court. Blackwell v. United States, 5 Cir., 1969, 405 F.2d 625.

In his section 2255 motion, Blackwell alleges: (1) that he never entered into a conspiracy; (2) that he never was a party to an agreement to perform the unlawful acts charged; (3) that the evidence was insufficient to support his convictions; (4) that he was placed twice in jeopardy by being tried for three offenses that, in actuality, were but one offense; (5) that he was forced to present evidence incriminating him to the grand jury under compulsion of subpoena; and (6) that an FBI agent testified at trial regarding a coerced oral confession made by Blackwell, in the absence of a prior judicial determin-

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir. R. 18.

ation of the voluntariness of that confession.

██ Blackwell's first five allegations were raised by him on his direct appeal, were considered by this Court, and were decided adversely to petitioner. Having carefully reviewed the records in this case, we conclude that to permit Blackwell to initiate a collateral attack on grounds already rejected by this Court would merely result in the purposeless duplication of the review process. We hold, therefore, that the District Court did not err in refusing to redetermine these five issues. *E. g.*, Hayes v. United States, 5 Cir., 1969, 416 F.2d 23. See also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Houston v. United States, 5 Cir., 1969, 419 F.2d 30, 32.

██ In his final allegation, Blackwell claims that he was coerced into making an oral confession in that an FBI agent continued to question him after petitioner refused to sign a *Miranda* warning-and-waiver form. Section 2255 requires the District Court to grant a hearing on a petitioner's motion "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *E. g.*, Aeby v. United States, 5 Cir., 1970, 425 F.2d 717. Nowhere in the records of either No. 3060 or No. 3061 is mention made of any confession given by Blackwell to an FBI agent. In No. 3060, no FBI agent testified at all. In No. 3061, the only FBI agent who did testify not once referred to Blackwell or any statements made by Blackwell. Petitioner, therefore, has no basis for contending that his constitutional rights were violated by the introduction as evidence of a coerced confession. His motion and the files and records of this case show conclusively that he was not entitled to relief in the District Court. An evidentiary hearing on his motion, therefore, was not required. *E. g.*, Gill v. United States, 5 Cir., 1970, 421 F.2d 1353, 1355; Holland v. United States, 5 Cir., 1969, 406 F.2d 213. We have

fully considered Blackwell's other contentions on this appeal and find them to be without merit.

Affirmed.