STATE OF NEBRASKA, APPELLEE, V. MCARTHUR MYLES,
APPELLANT.

187 N. W. 2d 584

Filed June 4, 1971.   No. 37873.

Stewart, Calkins, Duxbury & Crawford, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a post conviction proceeding. Defendant was tried, convicted, and sentenced on a charge of shooting with intent to kill, wound, or maim. The sentence received has been served but the right of appeal is not moot. See Sibron v. New York (1968), 392 U. S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917.

In his application to the district court, defendant raised the following questions:   (1) Denial of the right of appeal; (2) ineffective assistance of counsel; and (3) denial of the privilege against self-incrimination. At the hearing in the district court and on appeal, the only

question presented is that pertaining to the right of appeal, the others having apparently been abandoned. The judgment of the district court is affirmed.

At the time of sentence, defendant's privately retained lawyer stated to the court that he did not wish to represent the defendant further, but that defendant had no funds and wanted a court-appointed attorney to confer with him about an appeal. The court instructed the attorney to file a poverty affidavit and notice of appeal. This was not done although a motion for new trial had been filed and overruled. The attorney testified that defendant was pleased with the light sentence received and directed him not to proceed with the appeal. The record, however, discloses a letter written by the attorney to defendant 53 days before the time for appeal expired in which he stated an appeal was not taken because there were no valid grounds for it. Defendant was confined in the same city where his attorney practiced and doubtless received notice of the failure to appear in time to protect his rights in that regard. He did nothing until more than 5 months later when a motion to vacate the judgment and sentence was filed. Nevertheless, it is well established that when an indigent defendant has made known to the court that he desires to appeal his conviction, that appeal must ordinarily be granted at public expense and cannot be defeated either by the court or by lack of action on the part of his attorney. See, State v. Williams, 181 Neb. 692, 150 N. W. 2d 260; Coffman v. Bomar, 220 F. Supp. 343; Swenson v. Bosler, 386 U. S. 258, 87 S. Ct. 996, 18 L. Ed. 2d 33.

There is another feature of this case which merits consideration. The legislative bodies and the courts of this country have been at great pains to ensure that an indigent defendant in a criminal action shall be afforded opportunities to defend himself equal to those enjoyed by one financially able to provide for his own defense. As frequently happens when attempts are

made to right existing wrongs, the scales, rather than being balanced, are tipped in the other direction. The pendulum swings too far in the opposite direction. One financing his own defense must determine whether an appeal has sufficient merit to warrant the expenditure of his money for appeal costs and attorney's fees. No such worry besets the indigent. His attitude is that even though his case on appeal is completely without merit, the public, not he, must pay for it, and he has nothing to lose. As a result, if counsel advises him that an appeal is useless because it is lacking in merit, he simply demands the appointment of other counsel. Attorneys representing indigent defendants feel that they must appeal all convictions, however lacking in merit, or be charged with a failure to adequately represent such defendants. On evaluating the situation thus created, we find that, almost without exception, every criminal conviction is appealed, including those resulting from pleas of guilty. The net result is that our courts are overburdened and judicial processes clogged with baseless litigation. Judges thus harassed must cope with ever increasing burdens and the demands upon their time are such that they cannot give adequate consideration to those cases which do have a meritorious basis. Of necessity, this adversely affects the defendant who appeals in good faith.

Although it is conceded that our courts are endowed with rule-making powers, some jurisdictions have provided by statute that an appeal shall not be taken except where it is done on a good-faith basis and has some merit. Frivolous appeals are summarily dismissed. It was held in Gershon v. United States, 243 F. 2d 527 (8th Cir., 1957), that a court is not required to grant leave to a defendant to appeal in forma pauperis where it is obvious that the appeal is doomed to futility. See, also, Hayes v. United States, 258 F. 2d 400 (5th Cir., 1958); Ingram v. United States, 315 F. 2d 29 (D. C. Cir., 1962).

In the present instance, defendant simply says he

had wished to appeal his original conviction and was wrongfully denied that right. He does not allege, and the record does not reveal, facts showing meritorious grounds for the appeal, nor does he contend that he was innocent. In a post conviction proceeding, the petitioner has the burden of establishing a basis for relief. See State v. Coffen, 184 Neb. 254, 166 N. W. 2d 593. When a defendant seeks to appeal the original proceedings pertaining to his conviction and fails to show that he is acting in good faith and that the appeal has merit, he has failed to sustain the required burden of proof.

The judgment of the district court is affirmed.

AFFIRMED.