STATE OF NEBRASKA, APPELLEE, v. REX L. FUSBY, APPELLANT.

195 N. W. 2d 495

Filed March 10, 1972. No. 38199.

Mark M. Sipple, for appellant.

Clarence A. H. Meyer, Attorney General, and Gerald S. Vitamvas, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal from the denial of defendant's motion for post conviction relief under the provisions of sections 29-3001 to 29-3004, R. S. Supp., 1969, after an evidentiary hearing. We affirm.

Defendant, on July 10, 1970, pled guilty to the issuance of a check on a bank in which he knew his account was closed. Defendant had previously been in custody on check charges. On February 23, 1970, he

was released from custody when his parents paid off all the checks then held by the county attorney. At that time, the county attorney stated that if other checks were received, dated prior to February 23, 1970, defendant would be given an opportunity to make restitution provided no other checks were received which were written after that date.

On June 8, 1970, defendant was arrested and charged with writing a check on a bank in which he had no account. This check was dated May 30, 1970. On June 26, 1970, the defendant attempted to plead guilty to this charge, but the court refused to accept his plea. Thereafter charges were filed on the check involved herein, which was dated February 12, 1970. Defendant was sentenced thereon after the acceptance of his plea of guilty.

Defendant alleges that his constitutional rights were violated through fear and as a result of mistake and representations amounting to fraud, on the part of the Platte county officials, making his plea of guilty on July 10, 1970, involuntary. There is no merit to defendant's contentions.

Defendant's claim is predicated on the fact that the check on which he was sentenced was dated February 12, 1970, which was prior to February 23, 1970, when the county attorney advised him that he would be given an opportunity to make good other outstanding checks, providing no others were written after that date. It is defendant's contention that sometime within the week following June 26, 1970, he wrote to his parents advising them of his predicament, and delivered this letter to the deputy sheriff to be mailed. His parents testified this letter was never received by them. Defendant contends that he pled guilty to the charge only because he felt that his parents had abandoned him when they did not reply to his letter.

On or about June 9, 1970, the defendant was permitted to call his mother, but his parents, who lived in

an adjoining county, made no attempt to see him. At the time of calling his mother he was charged on the check dated May 30, 1970. After the refusal to accept his plea on June 26, 1970, defendant was told by the deputy county attorney that he was going to be charged with writing a no-account check dated February 12, 1970. This was done, and it was to this charge that defendant entered his guilty plea. The other charge was subsequently dismissed.

Defendant infers that in some way the Platte county authorities suppressed or failed to mail his letter. The trial court specifically found that the Platte county sheriff's office did not decline to mail and did not suppress any correspondence addressed by the prisoner to his parents or to any other person. The deputy sheriff testified that any letters given to him by the defendant were mailed. He had no independent recollection of the letters actually mailed, but was certain that all letters delivered to him were mailed. He did recall mailing a letter to defendant's parents but was unable to testify when this occurred.

The defendant, who was 35 years of age, was represented by competent counsel throughout the proceeding. He had ample opportunity to discuss his situation with his counsel. There certainly was no reason why defendant could not have asked his counsel to communicate with his parents or why he did not do so himself by telephone. The policy of the Platte county sheriff's office was to permit prisoners to use the telephone on reasonable occasions. Defendant had telephoned his parents on June 9, 1970. Defendant admitted he was never refused the use of the telephone but made no attempt after June 9, 1970, to contact his parents in that manner.

We have examined the proceedings and are convinced that there is no basis on which the guilty plea could be held to be involuntary. The fact that defendant was under the impression his parents were ignoring his let-

ter is not a sufficient reason to now set aside the sentence. In post conviction cases the rule is clear that the petitioner has the burden of establishing a basis for relief. See State v. Myles, 187 Neb. 105, 187 N. W. 2d 584. This case is not substantially different on the principle involved from McMann v. Richardson (1970), 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763, in which the United States Supreme Court held that a defendant who pled guilty because of a prior coerced confession was not without more entitled to a hearing on his petition for habeas corpus.

This case is in no way analogous to Santobello v. New York (December 20, 1971), 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427, as defendant's counsel suggested on oral argument. There, a promise was made as a part of a plea bargain. Here, there was no plea bargain. Defendant was conditionally given an opportunity to make good the checks issued before February 23, 1970. While he was in custody at that time, he testified no charges had been filed. There is no need to consider whether defendant could acquire a vested right in immunity from prosecution by a promise made by the county attorney because it is evident defendant made no serious attempt to comply with any such alleged agreement.

At the time of his arraignment on June 10, 1970, the trial judge advised defendant of his rights prior to his plea, as well as the range of sentence that could be imposed. The defendant did not bring up the circumstances now urged by him to avoid the plea. In the present hearing, he testified that he did not mention the letter to his attorney although he had visited with his attorney about the previous agreement. His plea of guilty was not only intelligently made with full knowledge of his rights and the consequences of his plea, but the record is conclusive that he entered it knowingly, understandingly, and voluntarily.

At the hearing on July 10, 1970, it was disclosed that the county attorney had received approximately 50

checks written by the defendant for sums ranging from $6 to $50, from various business places in Platte County. At the time of the hearing there were outstanding checks in excess of $300, in addition to the check on which the charge was filed.

The record indicates defendant received the utmost consideration from the trial court and from the Platte county authorities. He was represented by competent counsel who would have contacted his parents if defendant had so requested.

The defendant in fact committed the crime to which he pled guilty on July 10, 1970. His plea was made voluntarily and with full knowledge of the consequences and of the range of sentence that could be imposed by the court. There is no merit to defendant's present contentions. The motion for post conviction relief was properly denied.

Judgment affirmed.

AFFIRMED.