STATE OF NEBRASKA, APPELLEE, v. LYNN M. MOORE, APPELLANT.

207 N. W. 2d 518

Filed May 18, 1973. No. 38882.

Ross D. Druliner, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a post conviction proceeding. Defendant was convicted on March 1, 1963, of breaking and entering. The present motion to vacate the judgment and sentence asserts that defendant's sentence has been served. The sole ground alleged is that defendant, an indigent, was not represented by counsel at the time of his preliminary hearing. The judgment is affirmed.

In the case of State v. Myles, 187 Neb. 105, 187 N. W. 2d 584, this court gave recognition to the ruling in Sibron v. New York, 392 U. S. 40, 88 S. Ct. 1889, 20

L. Ed. 2d 917, that an appeal was not necessarily moot because the sentence had been served. In the Myles case, the appeal was treated not as a post conviction proceeding, which it purported to be, but as a direct appeal. The present case is purely a post conviction proceeding and, as such, is moot. The Post Conviction Act extends relief only to persons "in custody." See § 29-3001, R. S. Supp., 1972. The same is true in the case of federal habeas corpus proceedings. See, United States ex rel. Myers v. Smith (2d Cir., 1971), 444 F. 2d 75; 28 U. S. C. A., § 2241 (c) (3).

The requirement that an indigent be supplied with counsel at his preliminary hearing was promulgated in Coleman v. Alabama, 399 U. S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970). In Adams v. Illinois, 405 U. S. 278, 92 S. Ct. 916, 31 L. Ed. 2d 202 (1972), it was held that Coleman v. Alabama, *supra*, does not apply retroactively. Since defendant was convicted in 1963, the rule of Coleman v. Alabama, *supra*, is inapplicable.

The judgment of the District Court is affirmed.

AFFIRMED.