**A. Burton HANKINS, Petitioner,**

**v.**

**Griffin BELL, Attorney General of the United States of America, H. Brooks Phillips, United States Marshal and F. D. East, Sheriff of Lafayette County, Mississippi, Respondents.**

**Civ. A. No. WC 79–43–S–P.**

United States District Court, N. D. Mississippi, W. D.

March 30, 1979.

---

Champ T. Terney, Lyon, Crosthwait, Terney & Noble, Indianola, Miss., for petitioner.

Thomas W. Dawson, Asst. U. S. Atty., N. D. Mississippi, Oxford, Miss., William A. Whitledge, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondents.

### MEMORANDUM AND ORDER

ORMA R. SMITH, District Judge.

This cause having come on for hearing pursuant to a petition for a writ of habeas corpus, the order to show cause and respondents' return and answer to said petition the Court finds as follows:

1. The Court grants the unopposed motion to dismiss F. D. East as a respondent in the instant proceeding.

2. This Court expressly incorporates by reference and makes a part hereof the opinion delivered from the bench at the conclusion of the hearing on petitioner's motion for a writ of habeas corpus on March 30, 1979.

3. A. Burton Hankins has petitioned this Court for a writ of habeas corpus to secure his release from the custody of the United States Marshal for the Northern District of Mississippi, H. Brooks Phillips. Petitioner Hankins was remanded to the custody of Marshal Phillips, the delegate of the Attorney General of the United States, by order of this Court dated April 29, 1977, entered in *United States v. Hankins,* 424 F.Supp. 606 until such time as he comply with previous orders of this Court entered in that same cause. Both the underlying orders and the order holding Hankins in contempt and ordering him incarcerated until such time as he purges himself of his contempt were appealed to the United States Court of Appeals for the Fifth Circuit. In two opinions (*United States v. Hankins,* 565 F.2d 1344 and 581 F.2d 431 (both 1978)), the Court of Appeals affirmed this Court's order holding Hankins in contempt. On February 21, 1979, the Supreme Court denied certiorari. 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457.

4. The crux of Hankins' instant habeas corpus petition is that if he testifies in order to purge himself of his contempt, he will be forced to give up his Fifth Amendment privilege against self-incrimination by be-

ing subjected to cross-examination. Thus, he asserts that his incarceration is in violation of his Fifth Amendment rights.

■ 5. The petition in this case consists of Mr. Hankins' conclusory allegation that he is being detained illegally and in violation of his Constitutional rights, and certain allegations of fact concerning Mr. Hankins' ability to comply with the previous orders of this Court. Mr. Hankins, through his attorney, asserted that these allegations are now a part of the record in this case, as Mr. Hankins has now made a sworn statement concerning his ability to comply with this Court's orders, the refusal of which led to his incarceration. Petitioner, present in open court, however, declined to be cross-examined on his sworn statement. This Court cannot accept even sworn statements as true absent an opportunity to the opposing party to test the truth of the matters asserted by way of cross-examination. *United States v. Beechum*, 582 F.2d 898, 907–910 (5th Cir. 1978) (en banc). Thus, the Court has no alternative but to grant the Government's motion, ore tenus, to strike the factual allegations in the petition. C. F., *Fountain v. United States*, 384 F.2d 624, 628 (5th Cir. 1967).

■ Having struck the factual allegations in the petition, and having no other evidence in the record, the Court finds that the petition does not state grounds for issuance of the writ. There is no showing that the petitioner's incarceration is improper in any manner whatsoever, and there is no showing that the order under which he is incarcerated is unconstitutional or illegal in any manner whatsoever.

■ 6. Additionally, the Court finds that the issues sought to be litigated in this habeas corpus proceeding have been decided by this Court. That decision was affirmed by the Court of Appeals, and certiorari was denied. Habeas corpus is an inappropriate vehicle to challenge issues and findings which were the subject of a direct appeal. *Vernell v. United States*, 559 F.2d 963, 964 (5th Cir. 1978), *cert. denied*, 435 U.S. 1007, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *Black-

well v. United States*, 429 F.2d 514, 516 (5th Cir. 1970); *United States v. Currie*, 589 F.2d 994, 995 (6th Cir. 1979).

This Court has made it clear to petitioner and his counsel in the original contempt order and at two separate hearings (February 23, 1979, and March 16, 1979) that the Court cannot and will not accept his direct testimony without permitting the government to cross-examine that testimony. The Fifth Circuit has made that same point clear to petitioner in affirming this Court's contempt order, and in its en banc opinion in *United States v. Beechum, supra*. Finally, the Supreme Court has spoken to this very question in denying certiorari in this case, and in *McGautha v. California*, 402 U.S. 183, 210–213, 91 S.Ct. 1454, 28 L.Ed.2d 711.

■ This Court will not permit petitioner to do by way of habeas corpus what he is not permitted to do under the law by obtaining his freedom from incarceration and escaping the obligation to comply with this Court's orders by representations of counsel or by conclusory statements either sworn or unsworn. Habeas corpus is simply not available to this or any other petitioner to escape the effect of a decision of this Court, affirmed and certiorari denied, by asserting here the same position taken in the litigation which led to his incarceration. The writ will be denied.

■ 7. Finally, the Court denies petitioner's motion, ore tenus, seeking bail pending appeal. Any appeal from this order would be mere repetitious litigation of issues already decided by this Court and the Court of Appeals. Petitioner's incarceration is designed to coerce compliance with the Court's orders, and the circumstances of this case clearly indicate that petitioner's incarceration should not be interrupted until such time as he purges himself of his contempt. To admit petitioner to bail would make a sham of the former proceedings and the ends of justice would not be met. The granting of bail in this circumstance would make a mockery of this Court, and leave this Court without any manner whatsoever to enforce its orders.

The standard applied by the Supreme Court (Supreme Court Rule 49) in reviewing bail applications in habeas corpus proceedings require the showing of some "special reason" why bail should be granted. *Aronson v. May*, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964). Petitioner has demonstrated absolutely no reason why bail should be granted pending his appeal. Indeed, the "special reason" as envisioned by the Supreme Court must encompass a showing of a likelihood of success on the merits of an appeal. *Aronson v. May, supra*, page 5. The Fifth Circuit has also applied this standard in denying stays of habeas corpus orders. *Pitcher v. Laird*, 415 F.2d 743 (5th Cir. 1969). Given the authorities, the affirmance of this Court's previous orders by the Court of Appeals, and the lack of any evidence in this record, the Court finds that there is little likelihood of success on the merits of any appeal taken from this order. The Court also finds that there are no special circumstances or reasons present in this case to indicate bail is warranted.

ACCORDINGLY, IT IS ORDERED AND ADJUDGED, that F. D. East be dismissed as a party respondent in this cause; ·

IT IS FURTHER ORDERED AND ADJUDGED, that the factual allegations in the petition be stricken from the petition;

IT IS FURTHER ORDERED AND ADJUDGED, that the petition for a writ of habeas corpus be and hereby is denied;

IT IS FURTHER ORDERED AND ADJUDGED, that petitioner's motion seeking bail pending appeal be and hereby is denied.

ORDERED this the 30th day of March, 1979.