# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2015

Lyle W. Cayce
Clerk

No. 14-11153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES RAY HOOPER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-78-12

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles Ray Hooper pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine and was sentenced to 130 months of imprisonment, to be followed by four years of supervised release. He now appeals his conviction and sentence. Hooper argues that his guilty plea was unknowing and involuntary because the Government withheld exculpatory sentencing evidence regarding the amount of methamphetamine for which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11153

was accountable.   He contends that the Government's withholding of this evidence violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Hooper's guilty plea precludes him from raising a claim that the Government failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and his argument is foreclosed by circuit precedent.  *See United States v. Conroy,* 567 F.3d 174, 178-79 (5th Cir. 2009); *see also Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000); *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000).   Hooper concedes this point and raises the issue solely to preserve it for further possible review.

Hooper also argues that the Government's failure to provide exculpatory sentencing information resulted in a denial of the effective assistance of counsel.   To establish ineffective assistance, Hooper must show that his counsel's conduct was deficient and that it prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Because Hooper does not show that counsel's performance "fell below an objective standard of reasonableness," he does not show that he was denied the effective assistance of counsel.  *See id.* at 688.

Regarding the reasonableness of his sentence, Hooper challenges being held responsible for conduct occurring prior to the date alleged in the indictment.  His argument fails.  The district court determined that Hooper's relevant conduct includes acts dating from 2006.  "Drug transactions occurring before the precise time frame of the conspiracy for which a defendant is convicted may be considered" as relevant conduct.  *United States v. McCaskey*, 9 F.3d 368, 375 (5th Cir. 1993).  Additionally, a district court's assessment of relevant conduct affects the calculation of a defendant's criminal history score, and the Guidelines explain that, for purposes of U.S.S.G. § 4A1.2(e)(2),

"commencement of the instant offense" includes any relevant conduct under U.S.S.G. §1B1.3.  § 4A1.2, comment. (n.8).

Challenging the amount of drugs for which he was held responsible at sentencing, Hooper notes that the district court sustained his objections to the drug quantity as set forth in the PSR but contends that counsel made an error in calculation and that the appropriate offense level was two levels lower than that argued at sentencing and determined by the district court.  The error of which Hooper complains regarding drug quantity was invited and should be reviewed only for manifest injustice.  *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010).  Hooper has failed to satisfy this burden.

Finally, Hooper argues that the district court erred in denying a reduction for having a minor role in the offense.  He contends that he was not involved in the conspiracy after 2008, and therefore, he should have been granted a two-level reduction for having less involvement during the time frame covered by the indictment.  The district court's denial of a reduction for a mitigating role is a factual finding reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  The determination of a defendant's role in the offense is made on the basis of all conduct within the scope of relevant conduct.  U.S.S.G. Ch. 3, Pt. B, intro. comment.  Hooper does not dispute that his actions during 2006-2007 would not qualify for a minor role reduction.  Because the district court found that Hooper's relevant conduct included the conduct in 2006 and 2007, Hooper fails to show that the district court clearly erred in denying his request for a minor role adjustment.  *See* U.S.S.G. § 3B1.2, comment. (n.5); *Villanueva,* 408 F.3d at 203.

The judgment of the district court is AFFIRMED.