IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 18-10610

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

CHARLES RAY HOOPER,

    Defendant - Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-756

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2019

Lyle W. Cayce
Clerk

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

    Charles Ray Hooper filed a motion for postconviction relief seeking to vacate his federal conviction for conspiring to deal methamphetamine. The district court denied the motion, concluding that the claims Hooper raised were the same claims he had unsuccessfully raised on direct appeal. This court granted Hooper a certificate of appealability (COA) on his claim that his plea was involuntary because the government failed to produce exculpatory

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10610

evidence.  The COA stated that "reasonable jurists could debate whether the district court correctly concluded that this claim is procedurally barred."  But in his subsequent brief, Hooper did not address the procedural bar, focusing only on the merits of this claim.  Because Hooper failed to challenge the procedural bar ruling, and in any event that ruling was correct, we AFFIRM.

## I.

Hooper pleaded guilty to the drug offense in May 2014.  He admitted that he supplied drugs to, among others, Brittany Ann Barron and Jimmy Sparks.  His presentence report calculated a drug quantity of 5.82 kilograms of methamphetamine, including ten ounces to Barron and 4.98 kilograms to Sparks.  Those numbers came from a report summarizing a January 2014 interview with Barron.  Hooper objected to the 4.98 kilograms associated with Sparks.

In August 2014, between Hooper's guilty plea and sentencing, his counsel sent Barron a letter asking about the 4.98 kilograms she purportedly said Hooper sold to Sparks.  Barron replied that she told authorities she had seen Hooper sell Sparks only up to four ounces of methamphetamine and that she had purchased one ounce from him on five occasions.  She also stated that officers re-interviewed her in May 2014, and during the interview she confirmed these lower quantities and disputed the higher ones.

At Hooper's sentencing two months later, he called Barron to testify.  She repeated what she had told Hooper's lawyer: During her January and May interviews, she had never given the 4.98-kilogram figure.  Barron contended that the authorities had accused her of changing her story in May and that they had recorded "something different than what was the truth" in the original summary of her interview.  The government maintained that Barron's story had not changed dand that it had never seen the letter she sent to defense counsel.  The district court sustained Hooper's objection to the drug quantity

No. 18-10610

and sentenced him to 130 months based, in part, on reducing the drug quantity linked to Sparks.

Hooper appealed. He argued that his guilty plea was involuntary and unknowing under *Brady v. United States*, 397 U.S. 742 (1970), because the government failed to disclose that Barron, at her May interview, had disputed ever attributing higher drug quantities to Hooper. Hooper also asserted claims under *Brady v. Maryland*, 373 U.S. 83 (1963), *Strickland v. Washington*, 466 U.S. 668 (1984), and due process premised on the same alleged misconduct.[1] We affirmed Hooper's conviction.

Hooper then filed a section 2255 motion, raising the same arguments based on the failure to disclose exculpatory sentencing information plus an actual innocence claim. The district court concluded that, except for the actual innocence claim, "[e]ach ground for relief presented . . . was raised on direct appeal." As a result, the court held that the previously raised claims were procedurally barred.

Our court's COA grant authorized an appeal on only the *Brady v. United States* claim concerning the plea's validity. The order recognized that Hooper had raised the claim on direct appeal but noted that "our opinion affirming his conviction did not [directly] address it." The COA grant thus concluded that reasonable jurists could debate the procedural bar ruling as well as the merits of the claim.

---

[1] The fact that Hooper relied on two different "*Brady*" cases from the Supreme Court creates some confusion. Although there is some overlap between the issues (as Hooper recognized on direct appeal by conceding that our caselaw foreclosed both claims), Hooper treated them as distinct claims on both direct appeal and in his section 2255 motion. Hooper's *Brady v. United States* claim—the one before us—focuses on the voluntariness of the plea in light of the failure to disclose exculpatory evidence. Hooper's *Brady v. Maryland* claim was about a more general right to exculpatory evidence.

No. 18-10610

II.

Hooper's counsel-drafted brief does not acknowledge, let alone challenge, the procedural bar ruling. Hooper has thus abandoned this claim. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 732 (5th Cir. 2018) ("An appellant abandons all issues not raised and argued in [his] initial brief on appeal." (quotations omitted)). Failing to identify errors in the district court's analysis "is the same as if [Hooper] had not appealed th[e] judgment" at all. *See Brinkmann v. Dall. Cty. Deputy Sherriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Even if Hooper had not abandoned his challenge to the procedural bar ruling, we would still reject his appeal. "[I]ssues raised and disposed of" on direct appeal "are not considered in § 2255 [m]otions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This longstanding rule prevents the federal postconviction review process from becoming "purposeless duplication" of the direct appeal. *Blackwell v. United States*, 429 F.2d 514, 516 (5th Cir. 1970) (per curiam). On direct appeal, Hooper argued that the government's failure to turn over exculpatory evidence about the drug quantity meant that his plea was not valid. That claim was "Issue One" in his principal brief, receiving more than eight pages of briefing; his reply brief also devoted more pages to the "*Brady v. United States*" issue than any other. Hooper conceded, however, that Fifth Circuit caselaw precluded his claim that "Pre-plea Misconduct Rendered Hooper's Plea Involuntary Under *Brady v. United States*." *See Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000); *see also Alvarez v. City of Brownsville*, 904 F.3d 382, 392–94 (5th Cir. 2018) (en banc) (reaffirming the caselaw Hooper cited in his brief on direct appeal as the reason for the concession).

Although the panel that rejected Hooper's direct appeal did not cite *Brady v. United States*, it recognized Hooper's argument "that his guilty plea was unknowing and involuntary because the [g]overnment withheld

4

No. 18-10610

exculpatory sentencing evidence regarding the amount of methamphetamine for which he was accountable." *United States v. Hooper*, 621 F. App'x 770, 770 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 894 (2016).  The panel then acknowledged Hooper's concession that his "argument [wa]s foreclosed by circuit precedent." *Id.*  In affirming his conviction, the direct appeal panel thus decided the claim Hooper is again raising—that the failure to turn over information about the drug quantity evidence renders his plea invalid.

**\* \* \***

The judgment is AFFIRMED.